J-S38010-21

2022 PA Super 17

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
                                 :
ZACHARY LEE DINELL               :
                                 :
            Appellant            :     No. 322 WDA 2021

Appeal from the Judgment of Sentence Entered June 8, 2020
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001870-2019

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
                                 :
ZACHARY L. DINELL                :
                                 :
            Appellant            :     No. 323 WDA 2021

Appeal from the Judgment of Sentence Entered June 8, 2020
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001677-2018

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.*

OPINION BY BENDER, P.J.E.:                **FILED: JANUARY 31, 2022**

Appellant, Zachary L. Dinell, appeals *nunc pro tunc* from the judgment

of sentence of an aggregate term of 127 to 372 months' incarceration,

imposed after he entered open guilty pleas, in two consolidated cases, to 14

counts of invasion of privacy (18 Pa.C.S. § 7507.1(a)(1)); 13 counts of neglect

of care – dependent person (18 Pa.C.S. § 2713(a)(1)); one count of

endangering the welfare of children (18 Pa.C.S. § 4304(a)); and one count of

---

* Retired Senior Judge assigned to the Superior Court.

criminal use of a communication facility (18 Pa.C.S. § 7512(a)).  Herein, Appellant argues that the court erred by not granting his post-sentence motion to withdraw his guilty pleas for the 14 counts of invasion of privacy and the single count of criminal use of a communication facility.  After careful review, we vacate Appellant's judgment of sentence and remand for further proceedings.

Appellant was arrested and charged with various offenses, including those stated *supra*, based on evidence that he took photographs on his cell phone of nude or partially nude residents at a care home where he worked, without the residents' knowledge or consent.  On February 26, 2020, Appellant pled guilty to the above-stated offenses.  He was sentenced to the term set forth *supra* on June 8, 2020.  Appellant filed a timely post-sentence motion, alleging that his sentence was excessive, and also asking for permission to file a supplemental post-sentence motion after he received the transcripts of his plea and sentencing hearings.  The court granted that request, and Appellant thereafter filed a timely, supplemental post-sentence motion seeking to withdraw his guilty plea for various reasons.  Pertinent to the issue Appellant raises herein, he argued in his supplemental post-sentence motion that there was no factual basis to support his guilty plea.

The court ultimately denied Appellant's post-sentence motion on October 19, 2020.  Appellant did not file a direct appeal.  However, after his counsel withdrew and new counsel was appointed, Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546,

seeking the restoration of his appeal rights. The court granted that petition, and Appellant properly filed separate, *nunc pro tunc* notices of appeal in each of his two underlying cases. ***See Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) ("[T]he proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal.").[1] Appellant subsequently complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court filed a Rule 1925(a) opinion.

Herein, Appellant states one issue for our review: "Whether the court erred in denying Appellant's post-sentence request to withdraw his guilty plea[,] as there was no factual basis for the plea?" Appellant's Brief at 5.

Before addressing Appellant's specific arguments, we note our standard of review:

> In ***Commonwealth v. Broaden***, 980 A.3d 124 (Pa. Super. 2009), we summarized the principles governing post-sentence motions to withdraw pleas:
>
>> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine

---

[1] This Court *sua sponte* consolidated Appellant's appeals.

> the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* at 129 (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion

> imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Shaffer*, … 712 A.2d 749, 751 ([Pa.] 1998) (citation omitted).

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018).

Here, Appellant avers that the trial court abused its discretion by denying his motion to withdraw his plea where the colloquy did not set forth an adequate factual basis for the plea as required by Pa.R.Crim.P. 590(B)(2) (comment). Our Supreme Court has explained that "[t]he factual basis requisite is among six elements, which … are essential to a valid plea colloquy." *Commonwealth v. Flanagan*, 854 A.2d 489, 500 (Pa. 2004) (citing, *inter alia*, Pa.R.Crim.P. 590(A)(2) (comment)). "The salutary purposes of the requirement include protecting against the situation … [of] a defendant's mistaken plea to an offense that is not actually implicated by his conduct." *Id.* (citation omitted).

- 4 -

Here, Appellant contends that the trial court did not elicit an adequate factual basis for his plea to invasion of privacy and, because that crime was the predicate offense for his plea to criminal use of a communication facility, his pleas to both offenses must be vacated. His argument hinges on the following exchange during the oral plea colloquy:

> [Defense Counsel:] Okay. All right. I'm going to start, [Appellant], with the case at 1677 of 2018, and it's been alleged by information the various dates including Monday the 18th of June 2018 in the County of Beaver, Pennsylvania, at Counts 1 through 14, the elements are that you did, excuse me, did you knowingly photograph or film another person without that person's knowledge or consent while that person was being viewed, photographed or filmed in a state of full or partial nudity and is in a place where a person would have a reasonable expectation of privacy, and without going into too much detail, specifically, obviously, it's been alleged that that happened at your workplace, McGuire Home, and that the individuals that were photographed without their knowledge or consent were being filmed or their pictures were being taken in states of full or partial nudity, you do admit to your guilt with respect to that charge?
>
> [Appellant:] **Yes, but there was nothing sexual about it at all.**
>
> [Defense Counsel:] **That's not, that's not an element.**
>
> [Appellant:] All right. Yes.
>
> [Defense Counsel:] Simply the elements that I reviewed with you here.
>
> [Appellant:] Yes, yeah.

N.T. Plea, 2/26/20, at 32-33 (emphasis added).

Appellant contends that the above-emphasized language shows that there was not a sufficient basis for the crime of invasion of privacy, which is defined as follows:

**(a) Offense defined.--**Except as set forth in subsection (d), a person commits the offense of invasion of privacy if he, **for the purpose of arousing or gratifying the sexual desire of any person**, knowingly does any of the following:

(1) Views, photographs, videotapes, electronically depicts, films or otherwise records another person without that person's knowledge and consent while that person is in a state of full or partial nudity and is in a place where that person would have a reasonable expectation of privacy.

18 Pa.C.S. § 7507.1(a)(1) (emphasis added).

Appellant argues that his exchange with defense counsel during the colloquy makes it clear that he was "denying that his actions were for the purpose of arousing or gratifying the sexual desire of any person[,]" and that his counsel misinformed him that he was not required to have such a purpose to establish the basis for the crime. Appellant's Brief at 14. Appellant insists that,

[i]t [was] the court[']s responsibility, after hearing this exchange, to follow up with some kind of inquir[y] regarding whether … Appellant admit[ted] that he had the purpose of arousing or gratifying the sexual desire of any person[] when he did these acts. By failing to follow up with a proper inquiry given … Appellant's statement that "there was nothing sexual about it at all[,]" the court … clearly failed in its responsibilities under Rule 590 to establish a factual basis for the plea.

*Id.* at 15 (emphasis omitted).

In the trial court's Rule 1925(a) opinion, it stated that it "denied [Appellant's] post-sentence motion to withdraw his guilty plea because he failed to show prejudice against him rising to the level of manifest injustice when he entered the plea." Trial Court Opinion, 6/4/21, at 2 (some capitalization omitted). The court then explained that, during the colloquy,

- 6 -

the terms of the plea agreement were read, and the family members of the victims confirmed their agreement with those terms. *Id.* at 3 (citing N.T. Plea at 8-17). The primary care doctor for the victims then testified that none of the victims exhibited serious bodily injury due to Appellant's conduct, thereby supporting the Commonwealth's agreement to withdraw multiple counts of aggravated assault that it had originally charged against Appellant. *Id.* at 3-4 (citing N.T. Plea at 24-25). Then, the trial court quoted the portion of the colloquy set forth above, as well as Appellant's colloquy on the other charges to which he pled, and cursorily concluded that "there was a sufficient factual basis placed on the record for [Appellant's] entry of his guilty plea." *Id.* at 4-6.

For its part, the Commonwealth suggests that, because "Appellant admitted to taking pictures of the patients while they were either nude or partially nude[,]" his conduct is sufficient to demonstrate that he committed the crime of invasion of privacy, without further proof that he acted for a sexual purpose. Commonwealth's Brief at 5. The Commonwealth further claims that "a plain reading of" the invasion of privacy statute (section 7507.1) "shows that [the] sexual desire portion of the invasion of privacy [crime] relates to *any* person," and therefore, "it [was] not necessary for … Appellant to admit that it was for his own sexual desire." *Id.* at 5 (some capitalization omitted; bolded emphasis added).

Initially, the trial court did not specifically address how the factual summary was sufficient to support Appellant's plea to invasion of privacy,

despite Appellant's indication that he did not act with a sexual purpose. Contrary to the Commonwealth's argument, section 7507.1(a)(1) clearly requires the Commonwealth to prove, as elements of the offense of invasion of privacy, that the defendant: (1) knowingly viewed, photographed, videotaped, electronically depicted, filmed or otherwise recorded, (2) an individual who was in a state of full or partial nudity, and in a place where he/she had a reasonable expectation of privacy, (3) without the individual's knowledge and consent, and (4) *that the defendant did so for the purpose of arousing or gratifying the sexual desire of any person*. The Commonwealth's argument that Appellant's act of taking pictures of nude or partially nude residents was sufficient, in and of itself, to constitute the crime of invasion of privacy completely eliminates the fourth element of the offense. Finally, while the Commonwealth is correct that Appellant did not have to admit that he took the pictures for his *own* sexual gratification or desire, his statement that there was nothing sexual *at all* about his taking the pictures called into question whether he photographed the residents for the purpose of arousing or gratifying a sexual desire *in any person*, as the statute requires.

In sum, our review of the record supports Appellant's claim that there was no factual basis established for his guilty plea to invasion of privacy. Rather, defense counsel merely stated, generally, that Appellant took photographs of nude or partially nude residents at his workplace. When Appellant responded that he did not commit these acts with a sexual purpose, he was misinformed that there was no sexual-purpose element of the crime.

The court failed to further colloquy Appellant to ensure that he was admitting that he acted for the purpose of arousing or gratifying a sexual desire in himself or someone else. We also note that Appellant was not informed of the sexual-purpose element of the invasion of privacy crime in the criminal information, the written plea colloquy, or the Sexual Offender Registration/Notification Act (SORNA) Colloquy that he completed prior to his guilty plea. We recognize that Appellant did indicate, in the written colloquy, that his attorney explained the elements of the offense to him, and that he was admitting to having committed those elements. *See* Written Colloquy, 2/26/20, at 3 ¶¶ 31, 32. However, these statements do not demonstrate that Appellant was knowingly admitting to acting with a sexual purpose, where defense counsel exhibited his own misunderstanding of the elements of the offense of invasion of privacy by misinforming Appellant during the oral colloquy.

The inadequacies of the present plea colloquy are similar to those our Supreme Court examined in *Flanagan*. There, Flanagan pled guilty to murder and robbery. He claimed, on collateral review, that his plea counsel had been ineffective by failing to object to the defective plea colloquy on the basis that the court had provided a "materially erroneous statement of the controlling law" in advising Flanagan that his status as an accomplice made him

vicariously liable for any crimes committed by the principal.[2] *Flanagan*, 854 A.2d at 501. The colloquy also failed to provide an adequate factual basis for the plea. *Id.* at 500. Based on the totality of these circumstances, our Supreme Court agreed with Flanagan that "the colloquy supporting [his] pleas was defective, by reason of both an absence of a contemporaneous record of the factual basis for the plea and the erroneous accomplice liability instruction." *Id.*

Notably, the *Flanagan* Court observed that "the entry of a plea that is unknowing, in the sense that the defendant lacks a basic understanding of the legal principles giving rise to the criminal responsibility that he is accepting, is a manifest injustice…." *Id.* at 502. It continued:

> Indeed, it is difficult to hypothesize a more concrete example of a facially defective colloquy, and correspondingly legally unknowing plea, than a circumstance in which the plea court causes the defendant to affirm a materially erroneous understanding of the substantive law establishing criminal liability on the offenses charged. By supplying the wrong legal framework against which to assess the facts, the plea court exacerbated the effect of the substantial deficiency arising out of its failure to adduce the factual basis and rendered the plea unknowing on the face of the record presented.

*Id.* (internal citation omitted). Accordingly, the *Flanagan* Court concluded that "a review of the totality of the circumstances establishe[d] that Flanagan's plea was of an unknowing character…," and his plea must be withdrawn. As a "closing note," the Court "reinforce[d its] expectation of

---

[2] This was erroneous because a person must act with the requisite *mens rea* to be convicted as an accomplice. *See Flannagan*, 854 A.2d at 501; *see also* 18 Pa.C.S. § 306(d).

compliance with the six, straightforward and relatively modest requirements that set the baseline for a valid guilty plea colloquy." *Id.* at 504 (citation omitted).

Based on the errors in Appellant's colloquy, and the Court's decision in *Flanagan*, we conclude that Appellant's guilty plea must also be withdrawn. Clearly, Appellant was not advised, prior to or during the plea, that the offense of invasion of privacy requires that his conduct be committed for the purpose of arousing or gratifying the sexual desire of any person. At the oral colloquy, Appellant explicitly denied that his conduct had any sexual purpose. Rather than being further questioned to ensure that he understood and was admitting to that element of the offense, he was misinformed that there was no such element of the crime. In light of this facially defective colloquy, we cannot conclude that Appellant's plea to invasion of privacy was entered knowingly and intelligently. Moreover, because Appellant's offense of invasion of privacy was the predicate for his plea to criminal use of a communication facility, his plea to that offense is likewise deficient. *See* N.T. Plea at 37-38.

Accordingly, we conclude that the trial court abused its discretion by denying Appellant's motion to withdraw his guilty plea. Therefore, we vacate Appellant's judgment of sentence and remand this case for the trial court to order Appellant's guilty plea withdrawn, and proceed with the resolution of his case.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2022