J-S18005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN M. KNOUSE | : | |
| | : | |
| Appellant | : | No. 1290 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 23, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006349-2018

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: JULY 5, 2022**

Appellant, Brian M. Knouse, appeals from the aggregate judgment of sentence of six to 23 months' incarceration, followed by three years' probation, imposed after a jury convicted him of indecent assault and corruption of minors (COM).  Appellant solely challenges the sufficiency of the evidence to sustain his indecent assault conviction.  After careful review, we affirm.

The trial court summarized the evidence presented at Appellant's jury trial, as follows:

> A jury trial took place from May 5, 2021, through May 6, 2021. J.S., the alleged victim who at the time of trial was a fourteen[-]year[-]old juvenile, testified.  [N.T. Trial, 5/5/21-5/6/21,] at 89. J.S. identified [Appellant] as her best friend's (C.K.[]) dad.  **_Id._** at 89-91.  J.S. lived down the street and knew [Appellant] for about nine (9) or ten (10) years.  **_Id._** at 90-91.  J.S. met [Appellant] when she was five (5) years old[] through her older brother.  **_Id._** at 91.

J.S. testified that [Appellant] touched her inappropriately around Christmas time in December of 2017. [*Id.* at] 91. J.S. stated that [Appellant] was driving C.K.[] and herself around town to look at Christmas lights. *Id.* at 91-92. [Appellant] was in the driver's seat, C.K. was in the back seat, and J.S. was located in the front passenger seat. *Id.* at 92. J.S. was eleven (11) years old when the incident occurred. *Id.*

J.S. testified that [Appellant] touched her vagina with his hand; [Appellant] went from patting J.S.'s leg to "a point where it was just too far." [*Id.* at] 92-93. J.S. was wearing a T-shirt and jeans. *Id.* J.S. testified that [Appellant] gradually took his hand up to her crotch area, kept his hand in J.S.'s crotch and rubbed it. *Id.* J.S. jerked away from [Appellant] and made a comment about looking at the Christmas lights. *Id.* at 94. J.S. testified [Appellant] was drinking beer and she knew it was beer because she had seen [Appellant] drinking previously. *Id.* J.S. told her mother, brother[,] and grandma after the incident with [Appellant], however she did not speak with police immediately because her mom did not want to bring it up "for some reason[."] *Id.* at 98.

C.K. is the son of [Appellant] and also testified. [*Id.* at] 100. C.K. acknowledged that J.S. is his best friend. *Id.* at 101. C.K. and J.S. would normally have play dates at C.K's house. *Id.* at 102. C.K. testified that he remembered being in the car, [and] driving around the neighborhood looking at Christmas lights[] with [Appellant] and J.S. on the night in question. *Id.* at 103[,] 106. C.K. confirmed that [Appellant] was in the driver's seat, J.S. was in the front passenger seat[,] and C.K. was behind the front driver's seat. *Id.* at 103-04.

C.K. saw [Appellant] reach over and put his hand into J.S.'s lap. [*Id.* at] 103. However, C.K did not see where [Appellant's] hand went beyond the leg because of where he was sitting in the vehicle. *Id.* at 107. C.K. also testified that he saw [Appellant] physically drinking beer, and that multiple cans were in the vehicle. *Id.* at 104-05. C.K. saw J.S. move closer to the passenger door right after [Appellant] touched her. *Id.* at 105.

Trial Court Opinion (TCO), 12/3/21, at 2-4. The Commonwealth also admitted

into evidence a video of a forensic interview conducted with J.S. in August of

2018, which was consistent with her trial testimony. *See id.* at 4-5. Appellant did not present any witnesses or evidence in his defense. *Id.* at 6.

Based on this evidence, the jury convicted Appellant of indecent assault and COM. On August 23, 2021, the trial court sentenced him to the aggregate term stated *supra*. He filed a timely post-sentence motion, which the court denied. Appellant then filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on December 3, 2021.

Herein, Appellant states one issue for our review: "Whether the evidence was insufficient to convict [Appellant] of [i]ndecent [a]ssault where the evidence presented by the Commonwealth did not establish [Appellant] had the necessary intent to have contact with [J.S.] for the purpose of arousing sexual desire in either himself or [J.S.]?" Appellant's Brief at 4.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno,*** 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell****,* 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno****,* ***supra*** at 136.

- 3 -

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

The indecent assault statute under which Appellant was convicted provides, in pertinent part:

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine[,] or feces for the purpose of arousing sexual desire in the person or the complainant and:

\*\*\*

(7) the complainant is less than 13 years of age[.]

18 Pa.C.S. § 3126(a)(7). Additionally, "indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Instantly, Appellant argues that the Commonwealth failed to present sufficient evidence to prove that he touched J.S.'s genitals for the purpose of arousing or gratifying sexual desire. He stresses that "[t]his Court has stated, in the context of a different crime, invasion of privacy, which shares the element of sexual purpose, that the intent behind the act is a separate element from the act itself." Appellant's Brief at 11 (citing *Commonwealth v. Dinell*, 270 A.3d 530 (Pa. Super. 2022)). Appellant explains:

In *Dinell*, this Court laid out the elements of invasion of privacy and stated the fourth element was acting with the purpose of arousing sexual desire. This Court then stated, "The Commonwealth's argument that [Dinell's] act of taking pictures of nude or partially nude residents was sufficient, in and of itself, to constitute the crime of invasion of privacy completely eliminates the fourth element of the offense." [*Dinell*, 2022 WL 274882,] at

- 4 -

*4. Analogously, in the case at hand, as in **Dinell**, the Commonwealth must prove an intent to induce sexual arousal as a separate element from the act of contact.

Appellant's Brief at 11-12.

In concluding that the Commonwealth met this burden, the trial court

found that Appellant's

action of placing his hand on [J.S.'s] lap then moving it up to her vaginal area above her clothing, was believed by the jury. The jury could infer that such an act does not occur outside of the context of a sexual or intimate situation. The Superior Court has held [that] "when the actions undertaken by the defendant do 'not occur outside of the context of a sexual or intimate situation[,']' then the factfinder is free to conclude that the contact was done for the purpose of arousing or gratifying the defendant's sexual desire." **See Commonwealth v. Caban**, [2016 WL 854575 (Pa. Super. filed March 4, 2016) (unpublished memorandum)] ([finding that] … rubbing a female's breasts and touching her vagina does not occur outside of the context of a sexual situation) [(]citing[)] **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)[)][1].

Though the evidence shows [Appellant] only touched [J.S.'s] vaginal area and no other intimate part of her body, such as her breasts like in **Caban**, the statute requires "[a]ny touching of the sexual or other intimate parts of the person…[.]" 18 [Pa.C.S.] § 3126(a)(7). Therefore, [Appellant] did not need to touch more than her vaginal area. The evidence promotes a reasonable inference that [Appellant] indecently touched J.S. for the purpose of arousing or gratifying his own sexual desires and not for any other purpose….

TCO at 12-13.

---

[1] We note that **Caban** is an unpublished decision filed in 2016; thus, the court should not have cited it, even if just for persuasive value. **See** Pa.R.A.P. 126(b) (stating that unpublished, non-precedential decisions of the Superior Court filed **after May 1, 2019**, may be cited for their persuasive value). However, because our decision in **Caban** was premised on **Evans**, which we discuss *infra*, we disregard the court's error in citing **Caban**.

- 5 -

In disagreeing with the trial court, Appellant argues that his case is distinguishable from **Evans**, on which **Caban** relied. There, we held that "the act of wrapping one's arms around another person and inserting one's tongue into another's mouth clearly involves the touching of an intimate part of that person" and that "such an act does not occur outside the context of a sexual or intimate situation." **Evans**, 901 A.2d at 533. We also noted that Evans had made comments "that the victim was sexy[,] and he would like to do some things to her," which "further revealed that his intimate touching of the victim was done for the purpose of arousing or gratifying his sexual desire." **Id.** Accordingly, we held that Evans' conduct was sufficient to support his conviction for indecent assault.

Here, Appellant contends that **Evans** is distinguishable "because the defendant put his tongue in the victim's mouth, and the defendant made comments of a graphically sexual nature to the victim regarding her attractiveness and his intention to act on his attraction." Appellant's Brief at 12 (citing **Evans**, 901 A.2d at 533). Appellant insists that while the Evans' conduct "ha[d] no obvious[,] non-sexual explanation," in this case, Appellant's contact with J.S.'s genitals could have "occur[red] outside the context of a sexual or intimate situation and it is the Commonwealth's burden to present evidence indicating the sexual purpose behind the contact." **Id.** at 13. As an example of a non-sexual context for contact with another person's genitals, Appellant explains that "a driver could be driving someone home when their passenger spills a hot liquid in their lap. If the driver intrinsically grabs a

napkin and helps the passenger clean up the spill in their lap, they may well find themselves charged with indecent assault, … despite not actually having the requisite intent." Appellant's Reply Brief at 3.

The Commonwealth disagrees with Appellant's position. It explains that

> [p]utting one's hand on another person's crotch area and rubbing is not an act that occurs outside of a sexual or intimate situation. [Appellant's] contact with J.S. was not accidental, as proved by the fact that he kept his hand on J.S.'s crotch and rubbed it. [Appellant's] actions were in no way consistent with his role of an adult driving a child home from a play date. These facts[,] taken together[,] are sufficient to establish that his contact did not occur outside the context of a sexual or intimate situation and were for the purpose of arousing or gratifying sexual desire.

Commonwealth's Brief at 12.

After carefully reviewing the arguments of the parties and the decision of the court, we conclude that the evidence was sufficient to sustain Appellant's indecent assault conviction. First, we agree with Appellant that, to sustain a conviction of indecent assault, the Commonwealth must prove that the defendant had indecent contact with the victim for the purpose of arousing or gratifying sexual desire. *See* 18 Pa.C.S. § 3126(a)(7); 18 Pa.C.S. § 3101; *Dinell*, *supra*. However, we reject Appellant's interpretation of *Dinell* as suggesting that there *must always be* other evidence, in addition to the defendant's act of touching, to prove that he had the intent to arouse or gratify sexual desire. In *Dinell*, the defendant did not touch the victims; instead, he took photographs of them while they were nude or partially nude, and he explicitly stated during his guilty plea colloquy that "there was nothing sexual about [his conduct] at all." *Dinell*, 270 A.3d at 534. His attorney then

- 7 -

incorrectly advised him that acting with a sexual intent was "not an element" of invasion of privacy, and Dinell pled guilty to that offense. *Id.* In light of these facts, we concluded that the trial court should have permitted Dinell to withdraw his guilty plea.

*Dinell* is inapposite to the present case. Dinell's taking photographs of full or partially nude patients at a care home was not clearly an act that could only occur in the context of a sexual or intimate situation, especially where he explicitly denied acting with a sexual purpose and there was no proof that he used the photographs in a sexual manner. In contrast, Appellant not only touched, but also rubbed, the genitals of a child he was driving home from a play date with his son. More specifically, J.S. testified that Appellant began "patting [her] leg" and then his hand "gradually went up" to "the crotch part" of her body. N.T. Trial at 93. Once on her crotch, Appellant's hand "was rubbing" and "just kind of stayed there" until J.S. jerked her body away. *Id.* As in *Evans*, Appellant's touching of J.S. in the way she described would not occur outside the context of a sexual or intimate situation. Thus, J.S.'s testimony alone was sufficient for the jury to infer that Appellant touched and rubbed her crotch for the purpose of arousing or gratifying his (or J.S.'s) sexual desire. Therefore, the evidence was sufficient to sustain Appellant's indecent assault conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2022