J-A02027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
                                         :
             v.                            :
                                         :
                                         :
RICHARD L. WILLIAMSON          :
                                         :
            Appellant             :    No. 101 WDA 2022

Appeal from the Judgment of Sentence Entered December 20, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003173-2019

BEFORE: BOWES, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:           **FILED: FEBRUARY 13, 2023**

Richard Williamson (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of invasion of privacy and disorderly conduct.[1] We affirm.

The trial court detailed the underlying facts as follows:

> At the trial the Commonwealth offered testimony from the victim, K.Z., that on October 19, 2018, she entered the Wendy's restaurant located on Rodi Road in Penn Hills. As confirmed through the business video surveillance footage, K.Z. immediately proceeded to the restroom after entering the restaurant. Seconds later, Appellant is observed walking towards the restroom, when he then paused, turned in the direction of the men's room, and then looked behind himself before he walked into the women's restroom. K.Z. testified that while seated in a stall and partially undressed while using the toilet, she heard someone enter the bathroom. The bathroom housed only two bathroom stalls and

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 7507.1 and 5503(a)(4).

K.Z. observed the person enter the adjoining stall. She could see a pair of black shoes and the bottom of the person's pants facing the toilet. This caught her attention as it was a woman's restroom and feet would be facing the front of the stall. She then watched as both feet disappeared from her sight, which caused her to look up. At this time she saw Appellant looking down at her over the wall of the adjoining stall. She attempted to cover herself as her front and buttock were exposed while screaming at Appellant to "Get out of here." and "What the fuck are you doing?" She described that Appellant[] appeared to be shocked as she was looking up at him and mumbled what sounded like an apology. She then jammed her foot up against the door, and did not exit the bathroom until after she heard the door closed. She approached the front of the restaurant asking for the manager and screaming that a man was in the bathroom. During this time, she witnessed Appellant exit the men's room and confronted him about what happened. Appellant denied that he had done anything and remained inside the Wendy's while he ordered food. K.Z. left the restaurant and after returning home called the Penn Hills police to report the incident. At no time did K.Z. observe Appellant gratify himself during the incident in the woman's bathroom. The court also heard from Detective William Skweres from the Penn Hills Police Department who became involved a few days after the October 19, 2018 incident. As part of his investigation, he obtained the surveillance footage from inside the Wendy's which was admitted as an exhibit by the Commonwealth. Additionally, he interviewed Appellant on December 13, 2018. While questioning Appellant regarding the events of October 19, 2018, Appellant admitted that he entered the woman's room while at this Wendy's location. However, he explained that he attempted to enter the men's room but the door was locked, and feeling like he could not wait to use the bathroom, he entered the women's restroom. He denied looking into the adjoining stall and left the bathroom after K.Z. screamed.

During his testimony Appellant confirmed the events as they appeared on the surveillance video, but his testimony diverged from that offered by K.Z. regarding the events not captured on video. As captured by the video surveillance, Appellant admitted entering the women's restroom, but denied that he ever looked over the stall. Contrary to Detective Skweres' testimony, Appellant also offered that he mistakenly entered the woman's restroom because he did not pay attention to the signs on the

doors because he had consumed alcohol and marijuana prior to entering Wendy's on that day. Moreover, he testified that he did not recall telling the Detective Skweres that he first attempted to enter the men's room, but it was locked. After entering the women's room, he explained that after he entered a stall and unzipped his pants [and] he heard a woman scream for him to get out. Appellant then exited and immediately entered the men's room, whereupon leaving, he was confronted by K.Z. He explained that despite being confronted by K.Z. he did not immediately leave Wendy's, but stayed and ordered food.

Trial Court Opinion, 5/19/22, at 3-5 (footnotes omitted).

The Commonwealth charged Appellant with invasion of privacy and disorderly conduct. On September 30, 2021, the trial court held a non-jury trial and convicted Appellant of both charges. The trial court deferred sentencing for the preparation of a pre-sentence investigation report. On December 20, 2021, the trial court sentenced Appellant to an aggregate one-year of probation. Appellant did not file a post-sentence motion. This timely appeal followed.[2]

Appellant presents the following issues:

A. Whether 18 Pa.C.S. § 7507.1 (Invasion of Privacy) is unconstitutional and void for vagueness — due to ambiguity where the word "arousing" is not defined thereunder — because it fails in its definitiveness or adequacy of expression and does not provide reasonable standards by which a person may gauge his future conduct[?]

B. Whether the evidence was sufficient to support the conviction for Invasion of Privacy?

---

[2] Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's Brief at 4.

Appellant first contends the invasion of privacy statute, 18 Pa.C.S.A. § 7507.1, is unconstitutionally vague. Appellant's Brief at 10-12. Appellant asserts "the word 'arousing' is not defined, resulting in the statute being constitutionally vague and ambiguous because a person of common intelligence must guess its meaning and differ as to its use." *Id.* at 9.

The constitutionality of a statute is a question of law; therefore, our review is plenary. *Commonwealth v. Crawford*, 24 A.3d 396, 400 (Pa. Super. 2011). "The constitutional validity of duly enacted legislation is presumed. The party seeking to overcome the presumption of validity must meet a formidable burden." *Id.* "A statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution; all doubts are to be resolved in favor of a finding of constitutionality." *Id.*

Here, the trial court found:

Appellant failed to preserve this issue by filing the proper motion before the trial court. "The law is clear that 'issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal.'" *Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa. Super. 2017) citing *Commonwealth v. Santiago*, 980 A.2d 659,666 (Pa. Super. 2009). Based on the holding in *Cline*, [this claim is] waived.

Trial Court Opinion, 5/19/22, at 5.

The Commonwealth agrees the issue is waived, stating:

[Appellant's c]onstitutional claim is waived because he never raised it in the court below. **See Commonwealth v. Feliciano**, 884 A.2d 901, 904 (Pa. Super. 2005), citing **Commonwealth v. Lawson**, 789 A.2d 252, 253 (Pa. Super. 2001) (even claims of constitutional dimension are waived when raised for the first time on appeal). Because the issue was not properly preserved for review, it cannot be addressed here.

Commonwealth's Brief at 17.

We have thoroughly reviewed the record and agree with the trial court and Commonwealth. Appellant failed to preserve this claim because he raised it for the first time in his Rule 1925(b) statement.[3] Concise Statement of Matters Complained of on Appeal, 2/17/22, at 2 (unnumbered). It is well-settled that issues raised for the first time in a Rule 1925(b) statement are waived. **Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011); Pa.R.A.P. 302(a). Because Appellant waived his constitutional challenge to the invasion of privacy statute, we decline to address it. **See Cline**, 177 A.3d at 927; **see also Commonwealth v. Jefferson**, 256 A.3d 1242, 1261 (Pa. Super. 2021) (*en banc*) (Bowes, J., concurring) ("Likewise, it

---

[3] The record indicates Appellant did not file any pre- or post-trial motions. Also, Appellant did not challenge the statute's constitutionality in closing arguments. **See** N.T., 9/30/21, at 80-88 (arguing K.Z. and the police were not credible).

- 5 -

has long been true that failure to raise an issue in the trial court, even one of constitutional dimension, results in waiver of the issue on appeal.").[4]

In his second issue, Appellant challenges the sufficiency of the evidence supporting his conviction for invasion of privacy. Appellant's Brief at 13-15. Appellant claims the evidence "was insufficient that [Appellant] knowingly viewed [K.Z.] for the purpose of arousing or gratifying the sexual desire of any person." *Id.* at 13.

We again address whether Appellant preserved this claim. To "preserve a sufficiency claim, the Rule 1925(b) statement **must specify** the element or elements upon which the evidence was insufficient." ***Commonwealth v. Widger***, 237 A.3d 1151, 1156 (Pa. Super. 2020) (emphasis added). If the appellant does not specify such elements, the sufficiency claim is deemed waived. ***Commonwealth v. Roche***, 153 A.3d 1063, 1072 (Pa. Super. 2017).

Appellant presented a boilerplate challenge to the sufficiency of the evidence in his Rule 1925(b) statement; he failed to specify the element or elements for which the evidence was insufficient. ***See*** Concise Statement of Matters Complained of on Appeal, 2/17/22, at 2 (unnumbered) (stating,

---

[4] Were we to address Appellant's claim, we would not grant relief. While there appear to be no published decisions addressing the constitutionality of 18 Pa.C.S.A. § 7507.1, this Court rejected a constitutionality claim in ***Commonwealth v. Kent***, 415 MDA 2016 (Pa. Super. Jan. 12, 2017) (unpublished memorandum). The decision is non-precedential but instructive. ***Id.*** at *3-5.

- 6 -

"Whether the conviction was against the weight of the evidence and there was insufficient evidence presented to support the conviction regarding Invasion of Privacy."). Because of this deficiency, the trial court declined to address the issue in its Rule 1925(a) opinion. *See* Trial Court Opinion, 5/19/22, at 8 (trial court stating, "In light of the historical precedent of our appellate courts, the claim that the conviction for Invasion of Privacy was not supported by sufficient evidence is waived for vagueness."). We agree.

However, in the absence of waiver, Appellant's sufficiency challenge would lack merit.

> When reviewing a sufficiency of the evidence claim, this Court must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the Commonwealth as verdict winner, and we must determine if the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. This Court may not substitute its judgment for that of the factfinder. If the record contains support for the verdict, it may not be disturbed. Moreover, a jury may believe all, some or none of a party's testimony.

*Commonwealth v. Burns*, 765 A.2d 1144, 1148 (Pa. Super. 2020) (citations omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence[.]" *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012).

The invasion of privacy statute provides:

> **(a) Offense defined.--**Except as set forth in subsection (d), a person commits the offense of invasion of privacy if he, **for the purpose of arousing or gratifying the sexual desire of any person**, knowingly does any of the following:

>(1) Views, photographs, videotapes, electronically depicts, films or otherwise records another person without that person's knowledge and consent while that person is in a state of full or partial nudity and is in a place where that person would have a reasonable expectation of privacy.

18 Pa.C.S.A. § 7507.1(a)(1) (emphasis added).

Appellant argues

>the evidence was insufficient that [Appellant] knowingly viewed the complainant for the purpose of [] arousing or gratifying the sexual desire of any person. First, there was no testimony from [K.Z.] or [Appellant] that when he entered and left the ladies room that anyone was even remotely sexually aroused or gratifying themselves. [K.Z.] never testified she saw [Appellant] aroused and gratifying himself in any manner, nor did she ever tell the police that [Appellant] saw her naked or her buttocks.

Appellant's Brief at 13-14 (record citations omitted).

Appellant improperly relies on this Court's decision in ***Commonwealth v. Dinell***, 270 A.3d 530, 535 (Pa. Super. 2022). ***Id.*** at 13. In ***Dinell***, the Commonwealth charged the defendant with invasion of privacy for taking nude and partially nude photographs of residents at the care home where he worked. ***Dinell***, 270 A.3d at 532. The defendant entered an open guilty plea, admitted to taking the photographs, but stated during his colloquy "there was nothing sexual about" his taking the pictures. ***Id.*** at 534. His attorney then incorrectly advised him that acting with a sexual intent was "not an element" of invasion of privacy, and the defendant pled guilty. ***Id.*** The trial court nonetheless proceeded to sentence Appellant, who subsequently sought to withdraw his plea on the basis that he had denied an

element of the offense, *i.e.*, sexual desire. *Id.* at 534-35. The trial court denied the defendant's request to withdraw his plea. This Court reversed. We held the plea colloquy was inadequate because the defendant was not properly informed of the elements of the offense and he specifically denied one of the elements. *Id.* at 535-36. Thus, we determined there was not a sufficient factual basis for the plea. Under *Dinell*, a defendant must be correctly informed of the elements of the offense and admit to all of the elements for a guilty plea to be knowing, intelligent and voluntary. *Id.* at 536-37. Thus, *Dinell* is both procedurally and factually inapposite.

In *Commonwealth v. Knouse*, 1290 MDA 2021 (Pa. Super. July 5, 2022) (unpublished memorandum)[5], this Court declined to expand the holding in *Dinell* to a challenge to the sufficiency of the evidence.[6] A jury found the defendant in *Knouse* guilty of indecent assault based on his touching and rubbing a clothed 11-year-old girl's vagina. *Knouse*, 1290 MDA 2021, at *1. Indecent assault, like invasion of privacy, requires a finding that the defendant had "indecent contact with the complainant … for the purpose of arousing sexual desire …." *Id.* at *2; *see also* 18 Pa.C.S.A. § 3126(a). Relying on *Dinell*, the defendant in *Knouse* argued the evidence was insufficient to

---

[5] Non-precedential memoranda of the Superior Court filed after May 1, 2019, may be cited for persuasive value. Pa.R.A.P. 126(b).

[6] President Judge Emeritus Bender authored the *Dinell* and *Knouse* decisions.

sustain his conviction because "the intent behind the act is a separate element from the act itself," and thus "the Commonwealth must prove an intent to induce sexual arousal as a separate element from the act of contact." *Id.* at *4. We disagreed. This Court expressly "reject[ed] Appellant's interpretation of *Dinell* as suggesting that there *must always be* other evidence in addition to the defendant's act of touching to prove that he had the intent to arouse or gratify sexual desire." *Id.* (emphasis in original).

Instantly, we reject Appellant's claim that his intent to arouse or gratify sexual desire cannot be inferred from the circumstances presented at trial. Viewing the evidence in the light most favorable to the Commonwealth, the record supports a finding that Appellant acted to arouse or gratify sexual desire.

Video showed Appellant follow K.Z. as she walked toward the ladies' restroom. N.T., 9/30/21, at 28. The video further depicted Appellant looking around before entering the ladies' restroom. *Id.* at 28, 30, 66-68. K.Z. testified that she heard someone enter the stall next to her, noticed a pair of shoes facing the toilet seat, and then saw Appellant staring at her from above the adjacent stall. *Id.* at 17-18, 33-34. K.Z. testified that her buttocks and genitals were exposed at the time. *Id.* at 18. When she began screaming, Appellant fled. *Id.* at 18-19, 35-36. Appellant subsequently told police that he entered the ladies' room because the door to the men's room was locked. *Id.* at 44. Appellant denied viewing K.Z. *Id.* at 43-45. At trial, when

confronted with video showing that the mens' restroom door subsequently opened for Appellant, Appellant claimed he was drunk and high at the time and entered the ladies' room by mistake. *Id.* at 26-30, 57, 59-60, 64-65, 69, 72. Appellant denied that he climbed the toilet seat to look at K.Z. *Id.* at 26-30, 57, 59-60, 64-65, 69, 72.

After hearing the evidence (and view the video) the trial court credited the testimony of K.Z. and the police and exercised its discretion in convicted Appellant of invasion of privacy. Therefore, even if Appellant had not waived this claim, he would not have prevailed on his sufficiency challenge. *See Knouse*, *supra* at *4; *see e.g., Commonwealth v. Smith*, 863 A.2d 1172, 1177 (Pa. Super. 2004) (holding defendant's touching of victim's breast and vagina sufficient to establish indecent contact to arouse or gratify sexual desire); *Commonwealth v. McClintic*, 851 A.2d 214 (Pa. Super. 2004), *rev'd on other grounds*, 909 A.2d 1241 (Pa. 2006) (holding burglar's intentional grab and pinch of victim's breast was sufficient for fact finder to conclude touching was for the purpose of sexual gratification).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2023