J-S43015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMILY MASTIN | : | |
| | : | |
| Appellant | : | No. 1590 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 2, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000645-2022

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 15, 2023**

Appellant, Emily Mastin, appeals from the judgment of sentence entered by the Montgomery County Court of Common Pleas on May 2, 2022.  She claims that the trial court erred in accepting her guilty plea.  After careful review, we affirm the judgment of sentence.

On January 19, 2022, police found Appellant and John Collins ("Co-defendant") in an abandoned, condemned building in Norristown with a sleeping bag and food.  The Commonwealth alleged that they had broken into and intentionally damaged the property with spray paint and indelible markers.  Accordingly, the Commonwealth charged Appellant with Burglary, Criminal Trespass, and Criminal Mischief.[1]

---

[1] 18 Pa.C.S. §§3502(a)(2); 3503(a)(1)(ii); 3304(a)(4), respectively.

On March 22, 2022, Appellant entered into a negotiated guilty plea addressing various charges in six cases.[2] At the instant docket, Appellant pled guilty to Criminal Trespass, and the Commonwealth agreed to *nolle pros* the remaining charges.[3] As relevant to Appellant's issues on appeal, Appellant's written colloquy expressly questioned whether Appellant knew that she had "a right to a trial by jury[,]" to which Appellant answered affirmatively.[4]

Moreover, during the guilty plea hearing, Appellant repeated her understanding in response to the following question from her counsel:

> Q: You understand that . . . you have a right to go to trial. At trial, obviously, you would have the assistance of me, your attorney. I would get to confront witnesses on your behalf, to challenge the evidence on your behalf. You could testify at trial, if you wanted, or you could exercise your right to remain silent and no inference could be drawn about that by the Judge or jury, if you choose to remain silent. And at trial, of course, the Commonwealth has the burden to prove your guilt on each and every one of your matters beyond a reasonable doubt, that you don't have to prove your innocence. You understand those are the trial rights that you're giving up by pleading guilty?
>
> A: Yes, I understand.

N.T., 3/22/22, at 8-9. Appellant's attorney additionally confirmed that, if asked, Appellant would reiterate the answers she provided in the written colloquy.

---

[2] The record indicates that the Commonwealth and Appellant entered into a negotiated plea agreement as to the length of incarceration and probation, while disputing the restitution amount. N.T., 3/22/22, at 3.

[3] Appellant also pled guilty to controlled substance possession and harassment offenses charged under different docket numbers.

[4] Guilty Plea Questionnaire, 3/22/22, at 3 (Questions 16 and 17).

After concluding that Appellant "knowingly, intelligently, and voluntarily" entered the plea, the trial court accepted Appellant's plea.[5] The court then sentenced Appellant, in accordance with the terms of the plea agreement, to time served to 23 months of incarceration followed by one year of probation.[6] The parties agreed to stay the determination of restitution until a hearing on April 13, 2022.

At the April 13, 2022 restitution hearing, the court initially vacated Appellant's sentence, recognizing that Appellant had a "right to have the restitution determined at sentencing."[7] While the court intended to reimpose the sentence that day, the court bifurcated the hearing to allow for transcription of the guilty plea hearing to resolve a factual dispute regarding whether Appellant's plea extended to the entirety of the $140,700 of property damage alleged by the property owner or only to damages related to the January 19, 2022 arrest date.

On May 2, 2022, the court resumed the restitution hearing, at which the Commonwealth substantially reduced the restitution request to $9,200 to

---

[5] N.T., 3/22/22, at 17.

[6] *Id.* at 17-18. On the other five dockets, the court imposed one year of probation at each docket, consecutive to the instant sentence but concurrent with each other.

[7] N.T., 4/13/22, at 3. **See Commonwealth v. Muhammed**, 219 A.3d 1207, 1213 (Pa. Super. 2019) (holding that "[p]ursuant to [18 Pa.C.S. § 1106(c)(2)], the trial court had no authority to impose restitution while deferring the amount and method of payment for decision at a later date").

remedy the graffiti found on the day of Appellant's arrest. Appellant's counsel did not contest this amount. However, in her allocution prior to reimposition of the sentence, Appellant asserted allegations against the property owner. In response, the court recessed the hearing to allow Appellant to speak with her attorney and consider withdrawing her plea. The court explained: "I would certainly allow you to withdraw the plea if that's what you want to do. You are not obligated to proceed here today."[8]

After consulting with her attorney, Appellant indicated that she did not wish to withdraw her plea. Upon request of the court, counsel engaged in a second colloquy to confirm Appellant's decision. The court again stated that it would allow her to withdraw the plea and cautioned Appellant of the higher standard for withdrawing after sentencing. The court then questioned Appellant, asking if her plea was "a knowing, intelligent, and voluntary plea[;]" if her decision "to stick with [the plea] and not withdraw it" was also of her "own free will[;]" and if she had sufficient time to speak with counsel and was satisfied with his advice.[9] Appellant answered these inquiries affirmatively.

The court then reimposed the sentence of time served to twenty-three months of incarceration and one year of probation. After ascertaining

---

[8] N.T., 5/2/22, at 7.

[9] *Id.* at 14.

Appellant's inability to pay costs and fees, the court set restitution in the amount of $9,200 "to be paid joint and several" with Co-defendant.[10]

On May 11, 2022, Appellant filed a motion to withdraw her plea, claiming that the guilty plea was invalid because "it was not made knowingly, intelligently, and voluntarily."[11] The trial court denied her post-sentence motion to withdraw her plea on May 20, 2022.

Appellant filed her Notice of Appeal on June 13, 2022. The court and Appellant complied with Pa.R.A.P. 1925. On appeal to this Court, Appellant presents the following question:

> Did the lower court err in accepting [Appellant's] guilty plea since the plea was not knowing and voluntarily entered because [Appellant's] oral guilty plea colloquy failed to explain that [Appellant] had a right to cross-examine witnesses at trial and failed to explain that [Appellant] had a right to a jury trial?

Appellant's Br. at 3.

## A.

In raising a challenge to the voluntariness of her plea, Appellant actually challenges the trial court's denial of her post-sentence motion to withdraw her guilty plea.[12] "[T]he decision whether to permit a defendant to withdraw a

---

[10] **Id.** at 18.

[11] Post-Sentence Motion to Withdraw Guilty Plea, 5/11/22, at ¶ 7.

[12] We note that, by filing a post-sentence motion, Appellant properly preserved her challenge to the voluntariness of her guilty plea. **See** Pa.R.Crim.P. 720(B)(1)(a)(i); **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 469 (Pa. Super. 2017) (observing that "[a] defendant wishing to
*(Footnote Continued Next Page)*

guilty plea is within the sound discretion of the trial court." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017). Our review is, thus, limited to whether the court abused its discretion. An abuse of discretion occurs not due to merely "an error of judgment" but when the judgment is "manifestly unreasonable[,] where the law is not applied[,] or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill will." ***Commonwealth v. Dinell***, 270 A.3d 530, 533 (Pa. Super. 2022) (citation omitted).

A defendant seeking to withdraw her guilty plea post-sentence, as opposed to pre-sentence, "must demonstrate that manifest injustice would result" from the denial of that motion to withdraw. ***Id.*** (citation omitted). This higher level of scrutiny is intended "to discourage entry of guilty pleas as sentence-testing devices." ***Id.*** (citation omitted). "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." ***Id.*** (citation omitted). In considering the validity of a plea, courts look to "the totality of the circumstances surrounding the plea." ***Id.*** (citation omitted).

Prior to accepting a plea agreement, a trial court must "conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea

_____

challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing" (citation omitted)).

agreement on which the guilty plea . . . is based." Pa.R.Crim.P. 590(B)(2). Specifically, "[a]t a minimum[,]" courts must inquire as to whether the defendant understands the following: "(1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement." Pa.R.Crim.P. 590 cmt.; ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (summarizing Pa.R.Crim.P. 590 cmt.).

**B.**

Appellant asks this Court to vacate her guilty plea, asserting that the trial court erred in accepting her plea. Appellant's Br. at 7. She contends that the plea colloquy failed to explain her right to a trial by jury and her right to cross-examine witnesses. ***Id.*** Specifically, while Appellant acknowledges that the oral colloquy informed Appellant of her "right to go to trial[,]" she faults the court for not specifying that she had a "right to a trial by jury," as stated in the Comment to Pa.R.Crim.P. 590. Appellant's Brief at 5 (quoting N.T., 3/22/22, at 8). Similarly, while admitting that she acknowledged as part of her colloquy that her attorney "'would get to confront witnesses on [her] behalf[,]'" she contends that the court failed to specify "her right to cross-examine witnesses." ***Id.*** She rejects reliance on her written colloquy, which expressly addressed her right to a jury trial, asserting that defendants often

- 7 -

do not fully understand the documents they sign. Appellant's Br. at 13.[13] Accordingly, she argues that her plea was not knowing and voluntary and asks this Court to vacate the judgment of sentence, vacate her guilty plea, and remand for trial. *Id.*

In its Pa.R.A.P. 1925(a) opinion, the court concluded that Appellant's plea sufficiently "explained her trial rights, including that she had a right to confront witnesses against her and that she had a right to a jury trial." Tr. Ct. Op., 8/4/22, at 10-11. It opined that it "exercised proper discretion in accepting Appellant's guilty plea." *Id.*

We agree. Appellant's March 22, 2022 written and oral colloquies demonstrate that counsel informed Appellant of her right to a jury trial and her right to confront witnesses. N.T., 3/22/22, at 8-11. Indeed, when Appellant equivocated at the May 2, 2022 hearing, the court halted the proceedings, provided Appellant the opportunity to confer with counsel, and informed Appellant of her ability to withdraw her plea prior to sentencing, before engaging in a second oral colloquy to determine whether Appellant's plea as well as her decision not to withdraw her plea were knowing, voluntary and intelligent. N.T., 5/2/22, at 8-14.

---

[13] In support of her rejection of written colloquies, Appellant relies upon *Commonwealth v. Clyburn*, 42 A.3d 296, 300 (Pa. Super. 2012). We find *Clyburn* inapt as it involved waiver of counsel rather than a guilty plea. Moreover, neither the oral nor the written colloquies in *Clyburn* provided the necessary information. *Id.* at 301-02. In contrast, the court in the instant case engaged in two thorough on-the-record colloquies following Appellant's completion of a written questionnaire.

In light of the totality of the circumstances, we conclude that the trial court did not abuse its discretion in concluding that the plea was valid and in denying Appellant's post-sentence motion to withdraw her guilty plea. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2023