J-A21028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HINSON KEYON | : | |
| | : | |
| Appellant | : | No. 2064 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 3, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007787-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HINSON KEYON | : | |
| | : | |
| Appellant | : | No. 2065 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 3, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008981-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HINSON KEYON | : | |
| | : | |
| Appellant | : | No. 2066 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 3, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008982-2019

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 21, 2023**

In these consolidated appeals,[1] Appellant, Hinson Keyon, appeals from the June 3, 2021 Judgments of Sentence entered in the Philadelphia County Court of Common Pleas following his open guilty pleas at Docket No. 8981-2019 to Defiant Trespass; at Docket No 8982-2019 to Burglary, Criminal Trespass, and Theft by Unlawful Taking; and at Docket No. 7787-2019 to Possession of Firearm Prohibited, Firearms not to be Carried Without a License, and Carrying Firearms on a Public Street.[2]  Appellant challenges the discretionary aspects of his sentence and the denial of his motion to withdraw his guilty pleas.  After careful review, we affirm.

## A.

The relevant facts and procedural history are as follows.  On October 15, 2020, Appellant entered an open guilty plea at Docket Nos. 8981-2019 and 8982-2019 to the above-listed charges.  On March 4, 2021, Appellant entered an open guilty plea at Docket No. 7787-2019 to the above-listed violations of the Unform Firearms Act.  At both plea hearings, Appellant confirmed that he and his attorney had reviewed the written guilty plea colloquies and agreed that he was giving up his right to a trial and to certain pretrial rights.  He also stated that he understood that an open plea meant

---

[1] On September 20, 2022, this Court consolidated Appellant's appeals *sua sponte*.

[2] 18 Pa.C.S. §§ 3503(b)(1)(ii), 3502(a)(2), 3503(a), 6105(a)(1), 6106, and 6108, respectively.

that counsel would make sentence recommendations, but that, ultimately, the court would decide his sentence. He further confirmed that he was not pressured to plead guilty and that he was satisfied with his counsel's representation. After finding that Appellant's decision to plead guilty was knowing, intelligent, and voluntary, the trial court accepted his guilty pleas. *See* N.T., 10/15/20, at 8-14; N.T., 3/4/21, at 8-14.

At Appellant's June 3, 2021 sentencing hearing, the trial court stated that it had considered the post-sentence investigation report, the parties' sentencing memoranda, a victim impact statement, and numerous character letters from Appellant's friends and family. Appellant apologized for his crimes and read a statement that he had prepared. The court then noted Appellant's prior criminal history and observed that the Commonwealth had agreed to a lower prior record score that did not fully account for Appellant's earlier out-of-state burglary convictions. N.T., 6/3/21, at 8-14. The court also observed that, although Appellant had taken responsibility for his actions by pleading guilty, his on-the-record statement focused only on himself and not how his actions had harmed his victims or the community. *Id.* at 21-30. The court then imposed an aggregate term of 6 to 12 years of incarceration, followed by 4 years of probation.[3] The court noted that Appellant would have received

---

[3] In particular, the court imposed a 6- to-12-month sentence for Appellant's Defiant Trespass conviction at Docket No. 8981-2019 and a 3- to 6-year sentence of incarceration followed by 4 years of probation for his Burglary conviction at 8982-2019. Appellant's Criminal Trespass and Theft convictions
*(Footnote Continued Next Page)*

consecutive sentences if he had not pleaded guilty and provided mitigation material.

On June 13, 2021, Appellant filed a Motion to Modify Sentence and a Motion to Withdraw Guilty Plea.[4]  In the motion to modify, Appellant requested that the court resentence him to 3 ½ to 7 years of incarceration because "he is remorseful," because the Commonwealth recommended a sentence of that length, and because the shorter sentence "achieves the same purpose" as a lengthier sentence, which Appellant has identified as "the Court mak[ing]its point that [Appellant] is prohibited from being in possession of a gun."  Motion to Modify, 6/13/21, at 2-3 (unpaginated).  In the motion to withdraw, Appellant asserted that his plea was not knowing, intelligent, and voluntary because counsel induced Appellant to plead guilty by leading Appellant to believe that he would get a more lenient sentence by entering an open guilty plea.

_____

at that docket number merged for sentencing.  For Appellant's firearms convictions at Docket No. 7787-2019, the court imposed a term of 6 to 12 years of incarceration followed by 3 years of probation for his Possession of Firearm Prohibited conviction, 3 ½ to 7 years for his Firearms not to be Carried Without a License conviction, and 2 ½ to 5 for his Carrying Firearms on a Public Street conviction.  The court ordered Appellant's sentences to run concurrently.

[4] Robert P. Link, Esquire represented Appellant at his plea and sentencing hearings.  Appellant then obtained private counsel, Dennis Turner, Esquire, who filed the Motion to Modify and Motion to Withdraw Guilty Plea.

On February 8, 2022, the trial court entered orders denying these motions.[5] Appellant did not file a timely appeal.

On July 19, 2022, the trial court granted Appellant's request for reinstatement of his direct appeal rights *nunc pro tunc* and this appeal followed.[6] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether Appellant's sentence was unduly harsh and excessive?

2. Whether manifest injustice resulted with the trial court failed to address Appellant's Motion to Withdraw his [g]uilty [p]lea?

Appellant's Brief at 7.

## B.

In his first issue, Appellant challenges the discretionary aspects of his sentence, claiming primarily that the court failed to give adequate weight to "immense" mitigating factors such as his acceptance of responsibility, his traumatic childhood, and the character references he provided the court at sentencing. Appellant's Brief at 16-17. He further asserted that his sentence

_____

[5] As the trial court did not rule on these motions within 120 days, they were deemed denied by operation of law pursuant to Pa.R.Crim.P. 720(b)(3)(a). However, a breakdown in the operation of the court occurred when the lower court clerk did not "forthwith enter an order on behalf of the court" notifying the parties of the motions' deemed denials as required by Rule 720(b)(3)(c). *See Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003) (holding clerk of court's failure to follow the criminal rules constitutes a breakdown in the court process).

[6] The trial court appointed Peter A. Levin, Esquire, to represent Appellant. Attorney Levin filed a Notice of Appeal, Rule 1925(b) Statement, and Appellant's Brief on Appellant's behalf.

was inconsistent with the protection of the public and his rehabilitative needs and excessive because it was "significantly longer" than the Commonwealth's recommendation. *Id.* at 17-18.

Before we reach the merits of Appellant's claim, we consider whether he preserved it.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. *Commonwealth v. York*, 465 A.2d 1028, 1032 (Pa. Super. 1983).

Similarly, our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citation and quotation omitted). We will also deem a claim waived if the Rule 1925(b) statement is so vague that it fails to provide adequate guidance to the trial court regarding the issue on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue be raised for the judge"). A Rule 1925(b) Statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006).

In his Rule 1925(b) Statement, Appellant asserted that:

> The [c]ourt was in error in denying [Appellant's] Motion to Reconsider Sentence without a hearing. As the motion states, the Commonwealth recommended a sentence of 3 1/2-7 years and he was sentenced to 6-12 years [of] incarceration. [Appellant] is remorseful of what he did and will not do any criminal acts in the future.

Rule 1925(b) Statement, 9/14/22, at 1 (unpaginated).

Following our review of Appellant's Rule 1925(b) Statement, we conclude that Appellant failed to preserve his challenge to the discretionary aspects of his sentence by not raising it with sufficient specificity in his Rule 1925(b) Statement. Notably, Appellant did not assert in the statement that his sentence was excessive, that the court failed to consider mitigating factors and the Commonwealths' sentence recommendation, or that the sentence was inconsistent with the Sentencing Guidelines.[7] Accordingly, we conclude that Appellant has waived his challenge to the discretionary aspects of his sentence.

## C.

In his next issue, Appellant contends that the trial court should have permitted him to withdraw his guilty plea after sentencing because his plea counsel "promised [him] that he would get a shorter sentence, or one of

---

[7] In its Rule 1925(a) Opinion, the trial court "assume[d], even though it is not clearly stated w[ith] specificity in his 1925(b) [statement], that [] Appellant is alleging that the [c]ourt's sentence is excessive." Opinion, 12/27/22, at 6. In concluding that the sentence was not excessive, the court noted that it was within the standard range of the applicable guidelines and, generally, that it considered the requisite sentencing factors. *Id.* at 7-8. We agree with the trial court that Appellant's sentence is not excessive and that the trial court considered the appropriate factors.

probation, if Appellant entered a 701-plea deal." Appellant's Brief at 19. He further asserts that his counsel induced him to plead guilty by stating that "a failure to plead would result in Appellant's sentence being 'no less than 10-20 years' if he went to a jury trial and that it would cost a lot more money in attorney[']s fees for a jury trial." *Id.* He avers that his plea was not knowing because "his previous counsel failed to provide him with requested discovery before sentencing." *Id.* Although Appellant concedes that he responded affirmatively to the court's guilty plea colloquy, he insists that he misunderstood his possible sentence exposure. *Id.*

"[T]he decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017). Our review is, thus, limited to whether the court abused its discretion. An abuse of discretion occurs not due to merely "an error of judgment" but when the judgment is "manifestly unreasonable[,] where the law is not applied[,] or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill will." ***Commonwealth v. Dinell***, 270 A.3d 530, 533 (Pa. Super. 2022) (citation omitted).

A defendant seeking to withdraw his guilty plea post-sentence, as opposed to pre-sentence, "must demonstrate that manifest injustice would result" from the denial of that motion to withdraw. *Id.* (citation omitted). This higher level of scrutiny is intended "to discourage entry of guilty pleas as sentence-testing devices." *Id.* (citation omitted). "Manifest injustice may be

established if the plea was not tendered knowingly, intelligently, and voluntarily." *Id.* (citation omitted). In considering the validity of a plea, courts look to "the totality of the circumstances surrounding the plea." *Id.* (citation omitted).

Prior to accepting a plea agreement, a trial court must "conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea . . . is based." Pa.R.Crim.P. 590(B)(2). Specifically, "[a]t a minimum[,]" courts must inquire as to whether the defendant understands the following: "(1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement." *Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (summarizing Pa.R.Crim.P. 590 cmt.); Pa.R.Crim.P. 590 cmt.

A defendant is bound by the statements made under oath during his colloquy and may not later assert grounds for withdrawal that contradict those statements. *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018).

In its Rule 1925(b) Opinion, the court concluded that "the record supports Appellant's knowledge of the consequences of his open guilty plea." Opinion at 16. The court explained that "Appellant stated on both the oral and written guilty plea colloquies for each matter[] that he was satisfied with

- 9 -

counsel's representation [and] that counsel answered all of his questions." *Id.* at 16-17. The court found Appellant's argument that his plea was not knowing, intelligent, and voluntary "contradicted by the record which shows that Appellant was made aware of the consequences associated with entering an open guilty plea where the [c]ourt specifically informed Apell[ant] of the consequences by informing him that an open guilty plea meant there had been no prior agreements regarding sentencing and that the [c]ourt would ultimately make all sentencing determinations after taking a number of factors into consideration." *Id.* at 17.

We agree. Our review of the record indicates that, at all required times, the trial court conducted thorough colloquies of Appellant to ensure his guilty pleas were knowing, intelligent, and voluntary. *See* N.T., 10/15/20, at 8-14; N.T., 3/4/21, at 8-14. Appellant confirmed in open court that he understood the charges against him and the maximum sentences he faced. N.T., 10/15/20, at 10-11; N.T., 3/4/21, at 11. Appellant further confirmed that he understood all the rights, including his right to trial, that he was waiving by entering into an open guilty plea. N.T., 10/15/20, at 11-13; N.T., 3/4/21, at 12-13. Critically, Appellant also affirmed that his pleas were not the result of promises or threats. N.T., 10/15/20, at 13; N.T., 3/4/21, at 14. Appellant is bound by these statements and may not now contradict them because he had hoped for a lighter sentence. Because Appellant has not demonstrated that manifest injustice will occur if he is not permitted to withdraw his plea, the

trial court did not abuse its discretion in denying by operation of law Appellant's Motion to Withdraw his guilty pleas.

**D.**

Having found Appellant's first issue waived for failing to preserve it and Appellant's second issue meritless, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Nichols concurs in result.


*Judgment Entered.*

_Joseph D. Seletyn, Esq._
*Prothonotary*


*Date: 9/21/2023*