**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Samuel FELICIANO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 6, 2005.
Filed Sept. 26, 2005.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. District Atty., Philadelphia, for Com., appellee.

BEFORE: ORIE MELVIN, BECK and JOHNSON, JJ.

## OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Samuel Feliciano, appeals from the judgment of sentence imposed following his convictions by a jury of robbery, kidnapping, and related offenses. He raises a single claim of alleged prejudicial error during jury deliberations. We affirm.

¶ 2 The facts and procedural history may be summarized as follows. On the night of June 15, 2003, Appellant and a cohort robbed a taxicab driver at knifepoint then bound and gagged him. The driver was first placed in the back of the cab then moved to the trunk before he was eventually released. Appellant was subsequently arrested. At a trial commencing on March 25, 2004, proof of Appellant's guilt included an in-court identification by the taxi driver and fingerprint evidence obtained from the vehicle.

¶ 3 The jury retired to deliberate at 1:35 p.m. on March 29, 2004. N.T. Trial, 3/29/04, at 109. At approximately 3:30 p.m. that day, the jury foreperson sent a note with two questions about the testimony presented at trial. *Id.* at 110–11. The trial court informed the jury that it must rely on its collective recollection and excused them for the day. *Id.* at 111. The jurors returned the next morning, March 30, 2004 and resumed their deliberations. At approximately 1:45 p.m., the foreperson sent a note asking as follows: "Your Honor, after deliberations all morning one juror believes [Appellant] is innocent because of misidentification. All other jurors believe that [Appellant] is guilty to some degree or other. How would you like us to proceed?" N.T. Trial, 3/30/04, at 4–5. The trial court instructed the jury to resume its deliberations with a reminder

that its verdict must be unanimous. *Id.* at 5.

¶ 4 The jury sent another note after a short period of time indicating that they were no closer to a verdict and asking to be dismissed for the day so they could resume deliberations the next morning. *Id.* at 5–8. At that time counsel learned that following the earlier return to the deliberation room, the jury foreperson had been somewhat upset and was given an opportunity to go to a smoking area for a cigarette. *Id.* Appellant requested a mistrial, speculating that the juror who wished to smoke was the single vote in favor of acquittal and that the remaining jurors had the chance to "strategize" in her absence. *Id.* The trial court denied the motion, and the jurors were excused for the day with a caution not to discuss the case outside of the deliberation room. *Id.* at 8–9. The court crier then clarified for the trial court and counsel that the one juror had seemed a bit emotional and asked for a break, and after securing permission from the trial judge a court officer escorted her to a place where she could smoke a cigarette. *Id.* at 10–11.

¶ 5 The jury returned on the morning of March 31, 2004 and renewed their deliberations. N.T. Trial, 3/31/05, at 3–6. At approximately 11:40 a.m., the jury sent a note asking for the definitions of three of the crimes with which Appellant was charged. *Id.* at 6. The trial court provided the appropriate instructions, and the jury retired again. *Id.* at 6–14. At 1:30 p.m. on that same date, the jury returned with a verdict of guilty on all but one of the charges.[1] At Appellant's request the jury was polled which revealed a unanimous verdict. *Id.* at 16–28.

¶ 6 Appellant was sentenced on May 17, 2004 to an aggregate term of 12–24 years'

---

1. Appellant was acquitted of possessing an instrument of crime.

incarceration followed by 5 years of probation. This timely appeal followed, wherein Appellant presents one issue for our review:

Did not the court err and deny [Appellant] his constitutional right to counsel during a critical stage in the trial—jury deliberations—where the jury had indicated it was at an impasse at deliberations with eleven voting to convict and one to acquit and where the court (A) allowed a single juror to leave the jury deliberation room without informing counsel, and (B) failed to instruct the remaining eleven jurors to cease deliberations until all twelve were again present?

Appellant's brief at 4.

■■■ ¶ 7 When a party moves for a mistrial, such relief "is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." *Commonwealth v. Tejeda,* 834 A.2d 619, 623 (Pa.Super.2003) (citation omitted). A trial court is vested with the sound discretion to determine whether a mistrial is warranted, and we review its decision for an abuse of that discretion. *Id.*

■■ ¶ 8 Appellant first contends that the trial court erred in granting permission for the one juror to leave the others without formally instructing them that no deliberations should take place in her absence. Appellant cites to *Commonwealth v. Saunders,* 454 Pa.Super. 561, 686 A.2d 25 (1996), among others, in analogizing this case to a circumstance where a jury retires to deliberate and an alternate juror is thereafter substituted for one of the original jurors. Instantly, Appellant asserts that a presumption of prejudice exists in

this case which the Commonwealth was unable to overcome.

¶ 9 We are not persuaded that this case is at all like those where an alternate juror has been substituted after deliberations began. In *Saunders,* the appellant's original jury deliberated on a Friday before retiring for the weekend. On Monday morning, the trial court was advised that one of the original jurors was ill and unable to fulfill her duty. The trial court impaneled an alternate and specifically instructed the original jurors to "fill in" the alternate so that he would know what had occurred in the deliberations so far. We concluded that was error, finding that "the recomposed jury must be directed to begin deliberations anew." 686 A.2d at 29. Since the trial court gave instructions to the new jury which directly conflicted with this principle and the integrity of the jury function was not maintained,[2] we vacated the sentence and remanded for a new trial.

¶ 10 By contrast, the jury in the instant case had already advised the trial court that it was having difficulty reaching a unanimous verdict. After being instructed to continue deliberating, one juror was permitted to take a short break to smoke a cigarette before the entire group reconvened. Appellant speculates that during the few minutes the one juror was outside, the others may have engaged in a strategy session to influence the vote of that one juror who Appellant suggests might have been the only one unconvinced of his guilt. However, the record reveals that the entire jury panel continued deliberations for part of the afternoon of March 30, 2004, as well as on March 31, 2004, before reaching a unanimous verdict in the early afternoon. We have previously observed that a separation of jurors "does not necessarily re-

---

**2.** Significantly, the jury in *Saunders* returned a verdict less than two hours after the alternate was impaneled.

quire the granting of a new trial if no harm or prejudice resulted to the defendant as a result of the separation." *Commonwealth v. Neff*, 860 A.2d 1063, 1075 (Pa.Super.2004)(quoting *Commonwealth v. Gockley*, 411 Pa. 437, 457–58, 192 A.2d 693, 703 (1963)). Appellant's assertion amounts to nothing more than conjecture, and we fail to perceive any prejudice to him under these circumstances. As such, we cannot conclude the trial court abused its discretion in denying the mistrial.

¶ 11 Appellant makes a further argument that he was deprived of his right to counsel during jury deliberations because counsel was not informed of the break taken by the one juror and therefore had no opportunity to request appropriate cautionary instructions. This contention is raised for the first time on appeal and thus has not been preserved for our review. *See* Pa.R.A.P. 302(a), 42 Pa.C.S.A. (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa.Super.2001)(explaining that "even issues of constitutional dimension may not be raised for first time on appeal."). Moreover, Appellant's claim fails on its merits. We do not disagree with Appellant that jury deliberations have been viewed as critical stages to which the right to counsel attaches. *Commonwealth v. D'Amato*, 579 Pa. 490, 856 A.2d 806 (2004). Similarly, counsel must also be present during presentation of jury instructions, another crucial stage for Sixth Amendment purposes. *Commonwealth v. Johnson*, 574 Pa. 5, 828 A.2d 1009 (2003). Nevertheless, we are wholly unpersuaded that Appellant has been deprived of this constitutional right merely because his counsel was not advised in advance that a juror was granted permission to take a short break during deliberations. Just as a trial court has the discretion to manage the overall length of jury deliberations, it is also charged with the responsibility of overseeing the practical aspects of accommodating twelve individual jurors in carrying out their very important civic duty. Appellant simply was not denied his right to counsel in this case. Accordingly, we reject this claim.

¶ 12 Judgment of sentence affirmed.