J-S35005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIMBERLY MARIE MAURER | : | |
| | : | |
| Appellant | : | No. 230 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 1, 2022
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001412-2020

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: DECEMBER 5, 2023**

Kimberly Marie Maurer appeals from the judgment of sentence entered after a jury convicted her of first-degree murder, criminal conspiracy to commit first degree murder, third degree murder, criminal conspiracy to commit third degree murder, endangering the welfare of children, criminal conspiracy to commit endangering the welfare of children, involuntary manslaughter, and criminal conspiracy to commit involuntary manslaughter. The convictions stem from the death of her paramour's, Scott Schollenberger's, son. We affirm.

A fair summary of the evidence presented by the Commonwealth reveals that the facts of this case are beyond tragic. Maxwell Schollenberger

_____

[*] Retired Senior Judge assigned to the Superior Court.

("Maxwell") was born in 2008. Maurer entered Maxwell's life when she started dating Scott in 2011. At that time, Maxwell was an appropriately developed child, both physically and mentally. Maurer moved in with Schollenberger and the couple had three additional children together. During the years that followed, Maxwell became the victim of physical and psychological abuse in the form of severe neglect. Eventually, Maxwell was ostracized from the household and locked in a bedroom that had no lights and the windows covered, and he was deprived of meals. Multiple visitors to the house never knew that Maxwell existed. In fact, Maxwell had never been enrolled in school or in a home-schooling program.

On May 26, 2020, the Annville Township Police Department responded to a report of a dead child at the home of Schollenberger and Maurer on South White Oak Street. Upon approaching Maxwell's bedroom, police noticed an overwhelming stench of bodily excrement. The bedroom door was secured with multiple locks from the outside. Once the door was opened, the police observed Maxwell's deceased emaciated body and a sparsely furnished room with a significant amount of feces and urine. A door covered one of the bedroom windows by having been screwed to the wall. Two other windows had curtains sealed with duct tape. There were no operating light bulbs in the room. Old feces and food were observed under the bed.

When Maxwell's body was taken for autopsy, it was covered in fecal matter. Despite being twelve-years old, he weighed 47.5 pounds and was 50

inches tall, which reflected a body mass index that was below the first percentile for his age. The autopsy revealed multiple medical conditions consistent with starvation, including under mineralized bones, osteopenia, misshaped bones, maldeveloped kidneys, liver and heart, and soft tissue atrophy. Maxwell's stomach had a large amount of partially digested food, to the point that the stomach was overfull. Review of Maxwell's skeletal frame reflected a lack of weight bearing activity, such that he was likely immobile or bedridden for a significant period. The autopsy revealed that the cause of death was blunt force head trauma complicating starvation and malnutrition.

On September 11, 2020, Maurer was criminally charged.[1] Maurer then filed a motion for change of venue due to pretrial publicity. The trial court issued a gag order and directed counsel to submit proposed questionnaires to be mailed to prospective jurors. The trial court then developed a questionnaire, disseminated the document, and eliminated from the jury pool potential jurors affected by pretrial publicity.

Maurer's trial began on March 15, 2022, and the jury returned a verdict on March 22, 2022, finding Maurer guilty of all charges. On June 1, 2022, the trial court sentenced Maurer to serve life imprisonment on the charge of first-degree murder. The court also imposed consecutive sentences of 5-10 years

---

[1] Schollenberger was also charged with the same crimes at CP-38-CR-1387-2020. It is undisputed that he ultimately pled guilty and received a sentence of life imprisonment without parole.

on the charge of endangering the welfare of children, and 5-10 years on conspiracy to commit first-degree criminal murder. The remainder of Maurer's convictions merged for sentencing purposes.

Maurer filed a timely post-sentence motion on June 10, 2022. On November 15, 2022, the trial court entered an order denying the post-sentence motion on its merits. Maurer filed her notice of appeal on November 16, 2022.

On appeal, Maurer presents issues challenging the sufficiency of the evidence, whether the trial court properly denied her request for change of venue, and whether the trial court correctly denied a requested mistrial.[2] Upon careful consideration, we find no merit to her issues.

As a prefatory matter, because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of the other issues raised by Maurer before determining whether this appeal was timely filed. **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (noting that timeliness of appeal implicates jurisdiction and may be raised *sua sponte*). It is undisputed that a notice of appeal must be filed within thirty days of the disputed order. **See** Pa.R.A.P. 903(a). Specifically, Rule 903(a) provides that

---

[2] We note in her appellate brief, Maurer includes an issue stating: "Should the Trial Court have granted [Maurer's] Motion for New Trial?" However, the argument portion of Maurer's brief does not include a corresponding section addressing the issue. Because Maurer has not developed this issue in the argument section of her brief, it is abandoned for purposes of our review. **See Commonwealth v. Barnes**, 924 A.2d 1202, 1202-03 (Pa. 2007).

"the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

Pa.R.Crim.P. 720 addresses post-sentence procedures and appeals, and provides, in relevant part: "If the defendant files a timely post-sentence motion, the notice of appeal shall be filed … within 30 days of the entry of the order deciding the motion[.]" Pa.R.Crim.P. 720(A)(2)(a). The Comment to Rule 720 instructs that "[u]nder paragraph (B)(3)(a) [regarding time limits for the court's decision on a post sentence motion], on the date when the court disposes of the motion … the judgment becomes final for purposes of appeal." Pa.R.Crim.P. 720, Cmt.

A trial court has 120 days in which to decide a post-sentence motion, and failure to do so within that period results in the motion being deemed denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a). When the motion is denied by operation of law, "the clerk of courts shall forthwith enter an order" deeming the motion denied on behalf of the trial court and serve copies on the parties. **See** Pa.R.Crim.P. 720(B)(3)(c). The notice of appeal shall be filed within 30 days of the entry of the order denying the motion by operation of law. **See** Pa.R.Crim.P. 720(A)(2)(b). Moreover, we have held that a clerk of court's failure to follow the dictates of Rule 720(B)(3)(c) constitutes a breakdown in the court system such that we may accept an untimely appeal. **See Commonwealth v. Patterson**, 940 A.2d 493, 498-99 (Pa. Super. 2007).

Our review of the record reflects that Maurer filed a timely post-sentence motion on June 10, 2022. The trial court failed to decide the motion within the 120-day period required under Pa.R.Crim.P. 720(B)(3)(a), and the motion was therefore deemed denied by operation of law. On November 2, 2022, Maurer filed a motion for the entry of an order deeming the post-sentence motion denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). However, the trial court took no action on the request. Rather, on November 15, 2022, the trial court denied the post-sentence motion on its merits. Maurer filed her notice of appeal on November 16, 2022.

Because the clerk of courts did not follow the dictates of Rule 720(B)(3)(c), we hold that the failure constitutes a breakdown in the court system.[3] Accordingly, we conclude that the entry of the order on November 15, 2022, was the triggering mechanism for the purposes of this appeal, and we accept the notice of appeal filed by Maurer on November 16, 2022. **See Patterson**, 940 A.2d at 498-99.

In her first two issues, Maurer contends the trial court should have granted her motion for judgment of acquittal and her motion for arrest of judgment. **See** Appellant's Brief at 3. In her arguments, Maurer challenges the sufficiency of the evidence stating, "The Commonwealth did not present

_____

[3] We observe the Commonwealth has conceded the occurrence of a breakdown that excuses the untimeliness of the appeal. **See** Commonwealth's Brief at 41, n.21.

- 6 -

any evidence that Scott Schollenberger and [Maurer] conspired to murder [Maxwell]," *id.* at 17, and "[Maurer] believes there is insufficient evidence to find her guilty of first-degree murder." *Id*. at 19.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citations omitted).

We conclude Maurer has abandoned any argument concerning the sufficiency of the evidence. Regarding sufficiency-of-the-evidence issues, an appellant must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257-1258 (Pa. Super. 2008) (finding waiver of sufficiency of evidence claim where the appellant failed to specify in Rule 1925(b) Statement the elements of particular crime not proven by the

Commonwealth). ***See also Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (finding sufficiency claim waived under ***Williams*** for failure to specify either in Rule 1925(b) statement or in argument portion of appellate brief which elements of crimes were not proven beyond a reasonable doubt).

Here, Maurer vaguely specifies in her appellate brief which crimes she is challenging. However, Maurer failed to delineate in her Rule 1925(b) statement,[4] or in her appellate brief, which elements of any of the crimes she was convicted of were allegedly not established by the Commonwealth. Rather, Maurer's appellate argument consists of citation to general case law, challenges to the credibility and reliability of the testimony offered by the Commonwealth's witnesses, and the lack of physical evidence produced by the Commonwealth. ***See*** Appellant's Brief at 16-20. Consequently, her non-specific claims challenging the sufficiency of the evidence, which fail to specify the exact elements of the crimes that were allegedly not proven by the Commonwealth, are waived.[5]

---

[4] Maurer's Pa.R.A.P. 1925(b) statement presents the following issues, which fail to specify the elements of the crimes allegedly not proven by the Commonwealth: "1. Should the Trial Court have granted Defendant's Motion for Judgment of Acquittal? 2. Should the Trial Court have granted Defendant's Motion for Arrest of Judgment?" Rule 1925(b) Statement, 11/23/22, at 1.

[5] Had we not found Maurer's challenge to the sufficiency of the evidence waived for the reasons stated above and addressed the claims that the Commonwealth failed to present sufficient evidence to support her convictions, we would have affirmed on the basis of the trial court's thorough opinion reviewing Maurer's post-sentence motions, which addressed the
*(Footnote Continued Next Page)*

Maurer next argues that the trial court erred in denying her request for a change of venue due to pretrial publicity surrounding the case. *See* Appellant's Brief at 3, 20-25. Specifically, Maurer states that she "was subjected to news articles being posted on social media sites such as Facebook, as well as news articles which propagated on the television and online websites. Some of these online news articles received upwards of 40,000 comments." *Id*. at 22. Maurer further baldly asserts that "[e]ven though there was a timelapse of approximately two (2) years from the date of [Maxwell's] death, this matter was still in the news constantly." *Id*. at 23-24.

In reviewing a trial court's determination of whether pretrial publicity requires a change of venue or venire, we reverse the determination only where it constitutes an abuse of discretion because the trial court "is in the best position to assess the atmosphere of the community and to judge the necessity of the requested change." *See Commonwealth v. Walter*, 119 A.3d 255, 199-200 (Pa. 2015).

Normally, one who claims that he has been denied a fair trial because of pretrial publicity must show actual prejudice in the empaneling of the jury. *See* Pa.R.Crim.P. 584(A). In certain cases, however, pretrial publicity can be so pervasive or inflammatory that the defendant need not prove actual juror

---

sufficiency of the evidence to support the convictions. *See* Trial Court Opinion, 11/14/22, at 7-35.

prejudice. Prejudice is presumed if the pretrial publicity's content is "sensational, inflammatory, and slanted toward conviction, rather than factual and objective[;]" "reveal[s] the defendant's prior criminal record, if any[;]" "referred to confessions, admissions or reenactments of the crime by the defendant," or is "derived from official police or prosecutorial reports." **Commonwealth v. Briggs**, 12 A.3d 291, 314 (Pa. 2011). Nonetheless, even where prejudice is presumed, a change of venue or venire is not warranted unless the defendant also shows that the pre-trial publicity was so extensive, sustained, and pervasive that the community must be deemed to have been saturated with it, and that there was insufficient time between the publicity and the trial for any prejudice to have dissipated. **Id**. at 314-15.

Although Maurer contends the trial court erred in denying her motion seeking a venue change, she fails to identify in her brief where she preserved this issue before the trial court. **See** Pa.R.A.P. 2117(c) (requiring an appellant to identify when and how an issue was first raised before the trial court). Further, as the Commonwealth accurately observes, "no such ruling or [o]rder exists, because [Maurer] affirmatively acquiesced to the negotiated [jury] questionnaire plan." Commonwealth's Brief at 68. Consequently, the Commonwealth contends the issue is not preserved for appellate review. **See id**. at 71. We agree.

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time

on appeal." Pa.R.A.P. 302(a). Likewise, "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal." **Commonwealth v. Lopata**, 754 A.2d 685, 689 (Pa. Super. 2000). Moreover, we have concluded that where defense counsel acceded to the trial court's ruling and did not place an objection on the record, the appellant waived his right to argue the issue. **See Commonwealth v. Colon**, 846 A.2d 747, 752 (Pa. Super. 2004).

Our review reflects that Maurer filed her pretrial motion requesting a venue change on March 1, 2021, and the trial court addressed the motion at a hearing on September 13, 2021. During the hearing, counsel for Schollenberger suggested the use of a questionnaire to refine the jury pool due to pretrial publicity, and Maurer's counsel agreed stating, "I think that would be a fair way to proceed." N.T., 9/13/21, at 29. After further discussion, the trial court summarized the questionnaire process: "I'm thinking the questionnaire will be mailed one month out, returned eight days to two weeks. So that we'll have all of the questionnaires back two weeks before jury selection. That is my thought process. Agreed? Disagreed?" N.T., 9/13/21, at 38. Maurer's counsel affirmatively responded, "Agreed." **Id**.

The trial court further explained the jury selection process as follows:

(1) We determined that a larger-than-normal jury panel should be randomly identified and selected.

(2) We asked counsel to identify questions that they would like to pose to members of the jury panel regarding their knowledge of

the above-referenced case. Both counsel presented proposed questions to the [trial c]ourt.

(3) We developed a questionnaire that was mailed to each prospective juror. A copy of that questionnaire is attached to this Opinion as Exhibit A.

(4) This [c]ourt conducted preliminary screening of every questionnaire that was returned. Any prospective juror who indicated that he/she could not be fair due to pre-trial publicity or the nature of the case was eliminated from the pool.

(5) Following the preliminary screening conducted by the [trial c]ourt as outlined above, we provided all remaining questionnaires to both counsel. We then asked each attorney to identify additional individuals who should be eliminated from the pool. Both attorneys reviewed and objected to additional jurors. We do not recall retaining any juror for whom an objection was lodged.

(6) All jurors who remained on the list after the above process was concluded were summoned to appear in Court for a *voir dire*.

Trial Court Opinion, 12/13/22, at 3-4.

The record further indicates that trial counsel offered no objection to the empaneled jury after extensive *voir dire*. Rather, as the Commonwealth observes, regarding each of the jurors empaneled, "counsel affirmatively indicated acceptance." **See** Commonwealth's Brief at 71 (citing N.T., 3/14/22, at 50, 58, 65, 89, 93, 104, 112, 125, 132, 138, 146, 155). In light of Maurer's affirmative acceptance of the trial court's jury selection plan precipitated by the motion for change of venue, and the fact that Maurer did not challenge the process during the actual jury selection, we conclude that the issue is waived for purposes of appeal.

Maurer last argues the trial court erred in failing to grant her motion for mistrial, which she made after the Commonwealth presented evidence consisting of color images taken from a responding officer's body camera. **See** Appellant's Brief at 25-26. Maurer explains that the evidence depicted Maxwell's deceased body lying in his room. She asserts that the "evidence's only purpose was to inflame and infuriate the jury against [Maurer] and subsequently did not afford her a fair trial." **Id**.

When responding to a motion for mistrial, the trial court is to "determine whether misconduct or prejudicial error actually occurred, and if so, to assess the degree of any resulting prejudice."[6] **Commonwealth v. Sanchez**, 907 A.2d 477, 491 (Pa. 2006). When a party moves for a mistrial, such relief is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. **See Commonwealth v. Feliciano**, 884 A.2d 901, 903 (Pa. Super. 2005). A trial court is vested with

---

[6] We note Pennsylvania Rule of Criminal Procedure 605 addresses mistrials, and provides, in pertinent part, as follows:

**Rule 605. Mistrial**

**(B)** When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial court may declare a mistrial only for reasons of manifest necessity.

Pa.R.Crim.P. 605(B).

the sound discretion to determine whether a mistrial is warranted, and we review its decision for an abuse of that discretion. *Id*.

Before we address Maurer's claim, we must consider whether the issue has been waived. An appellate court is limited to considering only those facts that have been duly certified in the record on appeal. *See Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008) (holding the appellant waived a challenge to the admissibility of an autopsy photograph where he failed to include the photograph at issue in the certified record).

Specifically, we are mindful of the following:

Moreover, "it is Appellant's responsibility to ensure that this Court has the complete record necessary to properly review a claim." *Commonwealth v. Tucker*, 143 A.3d 955, 963 (Pa. Super. 2016) (internal quotation marks and citation omitted).

In *Commonwealth v. Petroll*, 696 A.2d 817 (Pa. Super. 1997), *aff'd*, 558 Pa. 565, 738 A.2d 993 (Pa. 1999), the defendant argued that the trial court erred by failing to sustain his objection to the admission of photographs. This Court found the issue waived because of the defendant's failure to ensure the photographs were included in the certified record. *See id*. at 836. Similarly, in *Commonwealth v. Lassen*, 659 A.2d 999 (Pa. Super. 1995), *abrogated on other grounds*, *Commonwealth v. Stultz*, 114 A.3d 865, 882 (Pa. Super. 2015), the defendant argued that the trial court erred by admitting photographs of the victim's injuries. This Court found the issue waived because the defendant failed to include the photographs in the certified record. *See id*. at 1008. "In this case, Appellant has failed to provide the necessary [photographs] for review. Because our review of the issue is dependent upon materials that are not provided in the certified record, we cannot consider this claim. Thus, this claim is waived." *Commonwealth v. Scassera*, 965 A.2d 247, 249 (Pa. Super. 2009), *appeal denied*, 985 A.2d 219 (Pa. 2009).

*Commonwealth v. Kennedy*, 151 A.3d 1117, 1127 (Pa. Super. 2016).

Our review of the certified record reflects the Commonwealth admitted several PowerPoint slides depicting what Officer Jason Cleck of the Annville Township Police Department observed on his approach to Maxwell's room, as recorded on the officer's body camera. *See* N.T., 3/15/22, at 151-57 (Indexed as Exhibits 7, 8, and 66).[7] However, none of the images admitted at trial were included in the certified record for transmittal to this Court. Therefore, Maurer failed to ensure that the complete record is before this Court for review. Accordingly, because we cannot review the allegedly inflammatory items presented by the Commonwealth, our review of the issue of whether a mistrial was necessary regarding the pictures is hampered. Therefore, we are constrained to deem this issue to be waived on appeal.

_____

[7] The prosecutor explained the preparation of the PowerPoint as follows, "we took your [body camera] video, combined it with a few crime scene photographs to show the jury what you found." N.T., 3/15/22 at 153. She then expounded, "[F]or purposes of the record, what we've done is we made trial CDs with all of either the voluminous paper copy exhibits, video exhibits, audio exhibits; and they're individually marked on the back. The CD itself is marked as Exhibit 66, and we'll just continue to add on to that as we go through trial. So, Exhibit 7 is contained therein. And I would ask permission to publish Exhibit 8, the PowerPoint." *Id*. at 154.

- 15 -

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2023