J-S14045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DANNY SIMPSON | : | |
| Appellant | : | No. 2912 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 27, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002910-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DANNY SIMPSON | : | |
| Appellant | : | No. 2913 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 27, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002911-2022

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 13, 2025**

Danny Simpson appeals from the September 27, 2024 aggregate judgment of sentence of 16½ to 33 years' imprisonment, to be followed by 4 years' reporting probation, imposed after he pled guilty to two counts of aggravated assault and one count of persons not to possess, use,

_____

[*] Former Justice specially assigned to the Superior Court.

manufacture, control, sell or transfer firearms.[1]  After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows:

> On the morning of March 8, 2022, [Appellant] and his then-girlfriend, L.W., were together in a house in Philadelphia.  L.W. observed that [Appellant] woke up from bed seeming angry and was cursing repeatedly. L.W. asked [Appellant] what was wrong, but [he] did not respond.  [Appellant] then grabbed a firearm and placed it in his waistband.  When L.W. asked what [Appellant] was doing, [he] responded that he was going to go to the store and kill someone.
>
> Shortly thereafter, [Appellant] pointed the gun at L.W. (sic) L.W.'s son, Z.J., observed what was happening and asked [Appellant why [he] was pointing a gun at L.W.  [Appellant] then pointed the gun at Z.J. and shot Z.J. in the face. Id. After that, L.W. tussled with [Appellant] and was able to get the gun out of [Appellant's] hand and throw it under a dresser in another room.  Z.J. jumped out of his bedroom window to get to safety.  L.W. tried to call 911, but she could not unlock her phone because it was covered in blood.  She then ran outside and yelled for someone to dial 911.
>
> At approximately 8:46 a.m., police responded to the scene.  Upon arrival, officers observed paramedics placing Z.J. in a medic unit.  Z.J. was transported to Temple Hospital in critical condition.  Officers also saw L.W. fighting with [Appellant] in the street. L.W. was trying to keep [Appellant] from leaving until the police arrived.  Officers detained [Appellant] and began securing the scene.  They observed blood inside a second floor bedroom and found a shell casing at the entrance to the bedroom.  L.W. informed officers that the firearm was under a dresser.  Officers recovered

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 6105(a)(1), respectively.

a black .40 caliber handgun from under the dresser. They also found a magazine loaded with nine live .40 caliber rounds on top of the dresser.

Later that day, [Appellant] provided a videotaped statement to detectives in which [Appellant] admitted that he pointed his .40 caliber handgun at Z.J.'s face while arguing with L.W. [Appellant] claimed to detectives that he fired the gun by accident. [Appellant] further admitted that he knew he was not permitted to possess a firearm due to his prior felony conviction. [Appellant's] prior conviction was for possession with intent to deliver a controlled substance.

Trial court opinion, 12/16/24 at 2-3 (citations omitted).

On May 20, 2024, Appellant pled guilty to two counts of aggravated assault and one count of persons not to possess, use, manufacture, control, sell or transfer firearms. At Appellant's guilty plea hearing, Appellant acknowledged that he reviewed his written guilty plea colloquies with his counsel and that he signed them of his own free will. Notes of testimony, 5/20/24 at 5-6. Appellant was also given a detailed recitation of the facts that formed the basis of his plea; an explanation of the charges that he was pleading guilty to and their maximum penalties; his right to trial by jury and the rights he would lose on appeal if he pleaded guilty; the Commonwealth's burden of proof; and his presumption of innocence. *Id.* at 5–6, 7–10, 11–16. At no point during the guilty plea hearing did Appellant indicate that he did not understand the charges he was pleading guilty to or that he disagreed with the facts as recited.

As noted, the trial court sentenced Appellant to an aggregate term of 16½ to 33 years' imprisonment, to be followed by 4 years' reporting probation, on September 27, 2024. The record reflects that at the conclusion of Appellant's sentencing hearing, the trial court explicitly advised Appellant that, "If you wish to argue on appeal that your guilty plea was not voluntary or that your sentence was excessive, you must first raise those claims in a post-sentence motion." Notes of testimony, 9/27/24 at 40. Appellant, however, failed to file any post-sentence motions. This timely appeal followed.[2]

Appellant raises the following issue for our review:

1.    Based on the totality of the circumstances, did [Appellant] enter into his guilty plea knowingly, voluntarily, and intelligently?

Appellant's brief at 8.

The decision to allow a defendant to withdraw their guilty plea post-sentence is a matter that rests within the sound discretion of the trial court. *See Commonwealth v. Muhammad*, 794 A.2d 378, 382-383 (Pa.Super. 2002). It is well settled in this Commonwealth that the entry of a guilty plea constitutes a waiver of "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa.Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). When

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925. The above-captioned appeals were consolidated by *per curiam* order of this Court on January 7, 2025.

a defendant seeks to withdraw a plea after sentencing, as is the case here, he must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa.Super. 2011) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa.Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000).

"The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa.Super. 2006) (citation and internal quotation marks omitted), *appeal denied*, 931 A.2d 656 (Pa. 2007). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa.Super. 2016) (citation omitted). Lastly, we emphasize that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa.Super. 2007) (citation omitted), *appeal denied*, 940 A.2d 365 (Pa. 2007).

Prior to our consideration of the merits, we must first determine whether Appellant has properly preserved his claim for appellate review. Appellant baldly contends that his claim "has been preserved for appeal since [he] filed a [Rule] 1925(b) statement." Appellant's brief at 18. We disagree.

Our review of the record supports the conclusion that Appellant has waived challenge to his guilty plea by failing to raise it before the trial court either orally at his plea or sentencing hearing, or in a post-sentence motion to withdraw his plea. This Court has long recognized that "a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to do either results in waiver." *Lincoln*, 72 A.3d at 609–610 (citations omitted); *see also* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating a post-sentence motion challenging validity of a guilty plea shall be filed no later than 10 days after the imposition of sentence).

Here, although the record confirms that Appellant was notified of his post-sentence motion rights, he failed to either raise this challenge during his plea colloquy or file a post-sentence motion seeking to withdraw his plea. Rather, for the first time after filing his notice of appeal, Appellant argues in his Rule 1925(b) Statement that his guilty plea was unknowing and involuntary. Accordingly, Appellant's claim is waived. *See id.*; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In any event, even if Appellant had not waived his claim, we agree with the trial court's conclusions that the record demonstrates "that [Appellant's] decision to plead guilty was knowing, voluntary, and intelligent[.]" **See** trial court opinion, 12/16/24 at 4-5. Accordingly, we would adopt the trial court's analysis as our own had Appellant properly preserved his issue.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/13/2025

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CRIMINAL SECTION**

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| | : | **CP-51-CR-0002910-2022** |
| | | **CP-51-CR-0002911-2022** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **DANNY SIMPSON** | : | **2912 EDA 2024** |
| | : | **2913 EDA 2024** |
| | : | |

**O P I N I O N**

**KYRIAKAKIS, J.**                                                    **December 16, 2024**

On May 20, 2024, defendant Danny Simpson pled guilty pursuant to an open plea in two consolidated cases to two counts of aggravated assault (18 Pa.C.S. § 2702(a)(1)) and one count of possession of a firearm by a prohibited person (18 Pa.C.S. § 6105(a)(1)). On September 27, 2024, the Court imposed an aggregate sentence of sixteen and a half to thirty-three years of incarceration, followed by four years of reporting probation. Defendant did not file post-sentence motions.

Defendant has now appealed from his judgment of sentence, claiming that his plea was not valid because he "did not enter into his guilty plea knowingly, voluntarily, and intelligently." Concise Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶ 1. For the reasons set forth below, defendant's claim is waived and, even if it had not been waived, the claim would be without merit.

1

## I. FACTUAL BACKGROUND

The factual basis proffered by the Commonwealth for defendant's guilty plea, to which defendant agreed, established the following.

On the morning of March 8, 2022, defendant and his then-girlfriend, L.W., were together in a house in Philadelphia. Notes of Testimony ("N.T.") 5/20/24 at 11-13. L.W. observed that defendant woke up from bed seeming angry and was cursing repeatedly. *Id.* at 13. L.W. asked defendant what was wrong, but defendant did not respond. *Id.* Defendant then grabbed a firearm and placed it in his waistband. *Id.* When L.W. asked what defendant was doing, defendant responded that he was going to go to the store and kill someone. *Id.*

Shortly thereafter, defendant pointed the gun at L.W. *Id.* L.W.'s son, Z.J., observed what was happening and asked defendant why defendant was pointing a gun at L.W. *Id.* Defendant then pointed the gun at Z.J. and shot Z.J. in the face. *Id.* After that, L.W. tussled with defendant and was able to get the gun out of defendant's hand and throw it under a dresser in another room. *Id.* Z.J. jumped out of his bedroom window to get to safety. *Id.* at 14. L.W. tried to call 911, but she could not unlock her phone because it was covered in blood. *Id.* at 13-14. She then ran outside and yelled for someone to dial 911. *Id.* at 14.

At approximately 8:46 a.m., police responded to the scene. *Id.* at 11-12. Upon arrival, officers observed paramedics placing Z.J. in a medic unit. *Id.* at 12. Z.J. was transported to Temple Hospital in critical condition. *Id.* Officers also saw L.W. fighting with defendant in the street. *Id.* L.W. was trying to keep defendant from leaving until the police arrived. *Id.* at 14. Officers detained defendant and began securing the scene. *Id.* at 12. They observed blood inside a second-floor bedroom and found a shell casing at the entrance to the bedroom. *Id.* L.W. informed officers that the firearm was under a dresser. *Id.* Officers recovered a black .40 caliber handgun from

2

under the dresser. *Id.* at 14-15. They also found a magazine loaded with nine live .40 caliber rounds on top of the dresser. *Id.* at 15.

Later that day, defendant provided a videotaped statement to detectives in which defendant admitted that he pointed his .40 caliber handgun at Z.J.'s face while arguing with L.W. *Id.* at 15. Defendant claimed to detectives that he fired the gun by accident. *Id.* Defendant further admitted that he knew he was not permitted to possess a firearm due to his prior felony conviction. *Id.* Defendant's prior conviction was for possession with intent to deliver a controlled substance. *Id.*

## II. DISCUSSION

Defendant's sole claim on appeal is that his plea was not valid because, "[b]ased on the totality of the circumstances, the [d]efendant did not enter into his guilty plea knowingly, voluntarily, and intelligently." Statement of Errors at ¶ 1.

Defendant's claim is waived because he failed to present his claim to this Court at the plea colloquy, at the sentencing hearing, or through post-sentence motions. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.") (citations omitted). "[A] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 469 (Pa. Super. 2017) (citations and quotation omitted). The record shows that defendant never challenged his guilty plea in this Court before raising the issue in his Rule 1925(b) statement.[1] Accordingly, the claim is waived.

---

[1] The record further shows that, at the conclusion of defendant's sentencing hearing, this Court explicitly advised defendant, "If you wish to argue on appeal that your guilty plea was not voluntary or that your sentence was excessive, you must first raise those claims in a post-sentence motion." N.T. 9/27/24 at 40.

3

In any event, even if defendant had not waived his claim, it would lack merit. "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Dinell*, 270 A.3d 530, 533 (Pa. Super. 2022) (quoting *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017)). "[A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice." *Hart*, 174 A.3d at 664 (citation and quotation omitted). Manifest injustice arises "when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018). Before a trial court accepts a defendant's guilty plea, the court is required to conduct an on-the-record colloquy in open court to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa. Super. 2002). More specifically, a court must be satisfied that a defendant understands the following:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to a trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless the judge accepts the agreement.

*Commonwealth v. Minrod*, No. 631 MDA 2024, 2024 WL 4635439, *3 (Pa. Super. Oct. 31, 2024) (non-precedential decision) (citing *Commonwealth v. Watson*, 835 A.2d 786, 796-97 (Pa. Super. 2003)). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. *See Commonwealth v. Young*, 695 A.2d 414, 417 (Pa. Super. 1997).

Additionally, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted). "[T]he law does not require that a defendant be pleased

4

with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." *Jabbie*, 200 A.3d at 506 (citation omitted). Pennsylvania law "presumes that a defendant who enters a guilty plea was aware of what he was doing" and he "bears the burden of proving otherwise." *Pollard*, 832 A.2d at 523 (citing *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999)).

Here, the record shows that the Court properly concluded that defendant's guilty plea was valid under the totality of the circumstances, and that defendant made his guilty plea knowingly, voluntarily, and intelligently. Defendant's plea was taken in open court on May 20, 2024. N.T. 5/20/24 at 1-17. Through an on-the-record colloquy with this Court, defendant affirmed that he understood the nature of the offenses, the elements of the offenses, and their maximum penalties. *Id.* at 6-7. Defendant further stated that he understood the presumption of innocence and his right to a jury trial. *Id.* at 7-8. After the prosecutor described the factual basis for the plea, defendant affirmed that the facts described by the prosecutor were the facts upon which defendant was basing his guilty plea. *Id.* at 11-16. Defendant also stated that he understood that his guilty plea was an open plea and that if the Court were to accept defendant's plea, the Court would impose sentence upon defendant. *Id.* at 9-10. Finally, defendant affirmed that nobody had forced or threatened defendant to plead guilty and that he was pleading guilty of his own free will. *Id.* at 11.

In short, the record shows that defendant's decision to plead guilty was knowing, voluntary, and intelligent. Even if defendant had not waived his claim, he would be due no relief.

5

III.   CONCLUSION

For the reasons set forth above, the judgment of sentence should be affirmed.


BY THE COURT:

ANTHONY G. KYRIAKAKIS, J.

6