J-S26042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES SLADEK :
:
Appellant : No. 362 MDA 2025

Appeal from the PCRA Order Entered February 27, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001663-2023

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED: SEPTEMBER 3, 2025**

James Sladek ("Sladek") appeals from the order entered by the Schuylkill County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] On appeal, Sladek argues that his plea counsel, Attorney Kent Watkins, was ineffective for failing to file a post-sentence motion to withdraw his nolo contendere plea. After careful review, we affirm.

On October 17, 2023, Sladek assaulted his mother, striking her multiple times in the face, strangling her, and stealing her car. Sladek was charged with strangulation, theft by unlawful taking, receiving stolen property, access device fraud, and simple assault. On February 29, 2024, Sladek agreed to enter a plea of nolo contendere to strangulation and theft by unlawful taking

---

[1] 42 Pa.C.S. §§ 9541-9546.

in exchange for the Commonwealth withdrawing the remaining charges. The trial court accepted the plea, and subsequently sentenced him to concurrent terms of incarceration: five to ten years for strangulation and one to two years for theft by unlawful taking.

On September 19, 2024, Sladek filed a pro se PCRA petition, arguing Attorney Watkins was ineffective for failing to file a requested post-sentence motion to withdraw the plea. The PCRA court appointed him counsel. The PCRA court then held a hearing, at which Sladek and Attorney Watkins testified.

At the hearing, Sladek stated that he did not strangle his mother and that he informed Attorney Watkins of this fact, but he was instructed to go along with the plea. N.T., 2/10/2025, at 5-6, 7, 12-13. He additionally testified that he had mental health problems and was under duress at the time of the plea. *Id.* at 6, 7. Further, Sladek explained that the day after he entered the plea, he sent a letter to Attorney Watkins stating that he wanted to withdraw the plea. *Id.* at 8. Attorney Watkins confirmed that Sladek sent him an inmate's request slip on March 6, 2024, and it was marked received by Attorney Watkins' office on March 7, 2024. *Id.* at 33-35. In the slip, Sladek requested to "redo my trial." *Id.* at 35.

Ultimately, the PCRA court denied Sladek's PCRA petition. Sladek filed a timely notice of appeal and presents the following issue for our review:

> Whether the [PCRA] court erred in denying [Sladek's] PCRA petition where the evidence established that [Sladek's] trial counsel failed to file a petition to withdraw the plea, despite being

- 2 -

timely requested to do so by [Sladek], thereby denying [Sladek] his opportunity to be heard regarding the underlying reasons why the guilty plea [sic] should have been withdrawn?

Sladek's Brief at 4 (unnecessary capitalization omitted).

"This Court's standard of review regarding a PCRA court's denial of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error." ***Commonwealth v. Felix***, 303 A.3d 816, 819 (Pa. Super. 2023). Appellate courts are bound by the PCRA court's credibility determinations that are supported by the record. ***Commonwealth v. Rizor***, 304 A.3d 1034, 1058 (Pa. 2023). "With respect to the PCRA court's legal conclusions, we apply a de novo standard of review." ***Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

Sladek contends that the PCRA court erred in denying his PCRA petition as his plea counsel was ineffective for failing to file a requested post-sentence motion to withdraw his plea. Sladek's Brief at 10, 14. Sladek favorably compares his plea counsel's ineffectiveness for failing to file a post-sentence motions to cases where counsel was found to be per se ineffective for failing to file a timely request for a direct appeal or petition for allowance of appeal to our Supreme Court. ***Id.*** at 14-15. Sladek highlights that plea counsel admitted he received a timely request to withdraw the plea, but failed to do so. ***Id.*** at 15, 16. Sladek claims that he was confused during the plea process and should have been permitted to withdraw his plea. ***Id.*** at 16.

To establish an ineffectiveness claim, a PCRA petitioner must plead and prove, by a preponderance of evidence, that

> (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Felix*, 303 A.3d at 819 (citations and quotation marks omitted).

It is well-settled that a challenge to the validity of a plea must be preserved in the trial court. *See Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468–69 (Pa. Super. 2017) (stating to preserve "an issue related to a [] plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion") (citation, brackets, and quotation marks omitted); *see also* Pa.R.Crim.P. 720(B)(1)(a)(i). The failure to file a post-sentence motion does not give rise to a presumption of prejudice for claims of ineffectiveness. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1131-32 (Pa. 2007) (noting the failure to file post-sentence motions does not fall within the situations where a defendant does not have to establish prejudice to prove their ineffective assistance of counsel claim); *see also Commonwealth v. Presley*, 193 A.3d 436, 444-45 (Pa. Super. 2018). Therefore, Sladek was required to establish that there was a reasonable probability that relief—withdrawal of his plea— would have been granted if Attorney Watkins had filed the motion. *Reaves*, 923 A.2d at 1131.

Ineffective assistance of counsel claims related to the plea process are cognizable under the PCRA. ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citing 42 Pa.C.S. § 9543(a)(2)(ii)).

> The standard for post-sentence withdrawal of [] pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, … under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a [] plea.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted). "In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." ***Commonwealth v. Dinell***, 270 A.3d 530, 533 (Pa. Super. 2022) (citation omitted).

To ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the nolo contendere plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading … nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Felix*, 303 A.3d at 820 (citation omitted); ***accord*** Pa.R.Crim.P. 590, cmt.

> The [nolo contendere] plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of [nolo contendere], it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a [nolo contendere] plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Felix*, 303 A.3d at 820 (citation omitted).

In his oral and written plea colloquies, Sladek stated that he understood English, was not under the influence of drugs or alcohol, and was not presently under treatment for mental or emotional disability. N.T., 2/29/2024, at 6; Written Plea Colloquy, 2/29/2024, at 1.[2] He informed the court that he was suffering from a mental health condition, but expressly stated that he had sufficient mental capacity to understand what he was doing during the colloquy. N.T., 2/29/2024, at 6; Written Plea Colloquy, 2/29/2024, at 1. Sladek confirmed that he understood the rights he was foregoing by entering the plea, including the right to a jury trial, that he is presumed innocent, and the Commonwealth had to prove each and every element of the charges beyond a reasonable doubt at trial. N.T., 2/29/2024, at 7-8; Written Plea

---

[2] We note that Sladek signed the written plea colloquy, but failed to date the document. However, the document was docketed in the record on February 29, 2024.

Colloquy, 2/29/2024, at 2-4. He stated that he understood the nature of the charges, the elements of the crimes to which he was pleading guilty, and the factual basis of the plea. Written Plea Colloquy, 2/29/2024, at 2, 4, 6. Sladek further understood the permissible range of his potential sentences and fines. N.T., 2/29/2024, at 10-11; Written Plea Colloquy, 2/29/2024, at 2.

Additionally, Sladek indicated that no one had forced or threatened him to enter his plea, and that he willingly entered a plea of nolo contendere. N.T., 2/29/2024, at 6, 9; Written Plea Colloquy, 2/29/2024, at 4, 5. Sladek also stated that he was satisfied with Attorney Watkins' representation. Written Plea Colloquy, 2/29/2024, at 4. The trial court accepted Sladek's plea. N.T., 2/29/2024, at 17.

The record therefore establishes that Sladek voluntarily, knowingly, and intelligently entered his plea of nolo contendere. **See Felix**, 303 A.3d at 820; **see also Commonwealth v. Kapellusch**, 323 A.3d 837, 848 (Pa. Super. 2024) (emphasizing that "[a] defendant is bound by statements made during a plea colloquy and a defendant may not later offer reasons for withdrawing the plea that contradicts the statements he made when he pled") (citation omitted); **Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa. Super. 2018) (concluding that appellant could not obtain PCRA relief based upon claims he lied during the plea colloquy). Of particular relevance here, Sladek stated that he understood the proceedings despite his mental health issues and willingly entered the plea. Accordingly, based on Sladek's statements during the plea

colloquy, he fails to demonstrate prejudice amounting to a manifest injustice to allow him to withdraw his plea. **See Kelley**, 136 A.3d at 1013. As he was not prejudiced by Attorney Watkins' failure to file a post-sentence motion to withdraw the plea, Sladek's ineffectiveness claim fails. **See Felix**, 303 A.3d at 819; **see also Reaves**, 923 A.2d at 1131.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/03/2025